ERVIN, Circuit Judge:
 

 Oliver and Isabelle Cheeseman appeal an order of the bankruptcy court denying Mrs. Cheeseman status as a “householder” or “head of a family” as defined by Virginia law, Va.Code § 34-1 (Supp.1980), and thus precluding her from being entitled to the Virginia homestead exemption. Va.Code § 34-4 (Supp.1980). We reverse.
 

 I.
 

 In June 1980, Oliver and Isabelle Cheese-man filed a joint voluntary petition in bankruptcy pursuant to 11 U.S.C. § 301. At the time of the filing, they were married to each other and residing together. They were both gainfully employed and had been so for at least four and one-half years.
 
 [1]
 
 Mr. Cheeseman earned $22,773.30 in 1979, and Mrs. Cheeseman made $6,311.79. Both contributed funds to the maintenance of the household.
 

 Mr. and Mrs. Cheeseman each claimed a homestead exemption under Va.Code § 34-4 which included the estimated value of each spouse’s one-half interest in the family residence owned by the Cheesemans as tenants by the entirety.
 
 [2]
 
 Section 34 — 4 by its terms is available to every “householder” or “head of a family.”
 
 [3]
 
 Section
 
 *62
 
 34-1 defines a householder as “any person, married or unmarried, who maintains a separate residence or living quarters, whether or not others are living with him.”
 

 The bankruptcy trustee objected to Mrs. Cheeseman claiming a homestead exemption because he contended that she did not qualify as a householder or head of a family under Virginia law. After a hearing, the bankruptcy court agreed that, in light of
 
 In re Thompson,
 
 4 B.R. 823 (E.D.Va.1980), Mrs. Cheeseman was not a householder and denied her the exemption.
 
 [4]
 

 II.
 

 The Cheesemans contend that the bankruptcy court erroneously construed section 34-1 to exclude Mrs. Cheeseman. We agree.
 

 Under the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101
 
 et seq.
 
 (the Act), all legal or equitable interests in property of a bankrupt debtor become part of his estate when he files pursuant to 11 U.S.C. § 301 for voluntary bankruptcy. 11 U.S.C. § 541. In order to prevent the debtor from being left destitute, however, the Act allows the bankrupt to exempt certain property from his estate. 11 U.S.C. § 522. Under section 522(b) of the Act, the debtor is permitted to choose between federal exemptions specifically enumerated in section 522(d), and those provided by other federal laws
 
 [5]
 
 and by state law, if the state allows the debtor to make a choice. Section 522(m) permits each debtor in a joint case to exempt property from his estate.
 
 [6]
 

 Virginia prohibits bankrupt individuals from choosing the federal exemptions set forth in section 522(d). Va.Code § 34-3.1 (Supp.1980).
 
 [7]
 
 Thus, the most important exemption available to many Virginia residents is the Virginia homestead exemption.
 
 [8]
 

 In this appeal, we are faced with the problem of construing Va.Code § 34-1, which defines a householder.
 
 [9]
 
 Apparently, no Virginia court has considered whether a husband and wife, living together, may
 
 *63
 
 both be deemed householders under this definition. Thus, we must construe section 34-1 according to established rules of statutory construction.
 
 See Richardson v. Woodward,
 
 104 F. 873, 875 (4th Cir. 1900).
 

 Our starting point is the language of the statute itself,
 
 see Touche Ross & Co. v. Redington,
 
 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979), which requires a householder to be someone who “maintains a separate residence or living quarters, whether or not others are living with him.” We find this language to be ambiguous. It may be read to allow one person in each residence to be a householder because the other people living with him or her typically do not maintain other “separate” residences. Under that construction, a husband and wife living together could not both be householders because they would not be living in residences separate from each other. On the other hand, this statute may as easily be construed to permit any individual who contributes to the maintenance of a residence, without regard to whether others in the same residence contribute to its maintenance, to be a householder. For example, a young married couple living together, but apart from either set of their parents, could be regarded as maintaining a “separate” residence. Under this latter construction, a husband and wife could both be householders.
 

 The latter construction is more consistent with Virginia’s policy that the homestead exemption provisions be liberally construed.
 
 Wilkinson v. Merrill,
 
 87 Va. 513, 516, 12 S.E. 1015, 1015-16 (1891). Furthermore, Virginia has indicated that the purpose of a homestead exemption is to conserve the family home,
 
 Murphy v. City of Richmond,
 
 111 Va. 459, 69 S.E. 442 (1910), and this purpose can best be promoted by a reading of the statute that allows an exemption to each spouse who contributes to the maintenance of the home: if both spouses are granted exemptions, for example, they are more likely to be left with sufficient equity to allow them to retain their home. We are wary, moreover, of a construction that allows only one exemption per residence because it has the very real potential of discouraging couples in financial trouble from weathering the storm together. That construction serves as an inducement to separate because if the husband and wife separate, they may both be entitled to claim an exemption. Thus, in light of the ambiguities in the householder definition and of strong policy considerations, we think section 34-1 can and should be read to allow a homestead exemption to each spouse living together if he or she contributes to the maintenance of the household.
 

 This construction is also mandated by section 522(m) of the Act. Because Congress has the power under the Constitution to establish uniform bankruptcy laws, U.S. Const. Art. 1, § 8, and has enacted a specific provision for exemptions, 11 U.S.C. § 522, we must adopt an interpretation of Virginia’s law that does not conflict with the Act’s exemption provision.
 
 See International Shoe Co. v. Pinkus,
 
 278 U.S. 261, 263-64, 49 S.Ct. 108, 109-10, 73 L.Ed. 318 (1929).
 

 In developing the Act’s exemption law, Congress
 
 [10]
 
 observed that under prior law exemptions had been determined by reference to state laws which had become so outdated in many instances that they were “hopelessly inadequate to serve the needs of and provide a fresh start for modern urban debtors.” H.R.Rep.No.595, 95th Cong., 1st Sess. 126 (1977),
 
 reprinted in
 
 [1978] U.S. Code Cong. & Ad.News 5963, 6087.
 
 [11]
 
 Con
 
 *64
 
 gress recognized a federal interest in ensuring that a debtor going through bankruptcy retain sufficient possessions to begin anew — to have a fresh start.
 
 Id.
 
 Thus, federal exemptions became part of the Act, but state exemptions were also retained, so that exemption levels could be set at a level commensurate with the standard of living in various parts of the country. In retaining the state exemption, Congress noted:
 

 Recognizing ... the circumstances do vary in different parts of the country, the bill permits the States to set exemption
 
 levels
 
 appropriate to the locale, and allows debtors to choose between the State exemptions and the Federal exemptions provided in the bill. Thus, the bill continues to recognize the States’ interest in regulating credit within the States, but enunciates a bankruptcy policy favoring a fresh start.
 

 Id.
 
 (footnotes omitted) (emphasis added). Congress also emphasized that, in a joint case,
 
 “each
 
 debtor is entitled to the Federal exemptions provided under this section or to the State exemptions, whichever the debtor chooses.”
 
 Id.
 
 at 363,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 6319 (emphasis added).
 

 It does not follow, however, that the states should be left free to classify which bankrupt debtors should be entitled to exemptions when the classification conflicts with federal law. If we were to permit a construction of Virginia law that allows only one householder per residence, the construction would be inconsistent with section 522(m) of the Act, which we interpret as allowing each debtor in a joint case to take some exemptions, whether the amount is determined by state or federal law.
 
 [12]
 

 Accordingly, we conclude that Mrs. Cheeseman, as well as Mr. Cheeseman, is a “householder” as defined in section 34-1 and thus entitled to a homestead exemption. The bankruptcy court’s decision, therefore, is reversed.
 

 REVERSED.
 

 [1]
 

 . On their “Statement of Financial Affairs for Debtor Not Engaged in Business,” Mrs. Cheese-man indicated that she had been employed ten years with Colonial Williamsburg, Inc., and Mr. Cheeseman noted that he had worked four and one-half years for Yorktown Oil Refinery. Mr. Cheeseman had been temporarily unemployed prior to filing for bankruptcy.
 

 [2]
 

 . The Cheeseman’s equity in their family home at the time they filed for bankruptcy was $4,700.00. Under section 34-4, every householder is allowed to exempt $5,000 of real or personal property. Section 34-13 emphasizes that the householder may choose a combination of realty and personalty in arriving at the $5,000 total:
 

 If the householder does not set apart any real estate as before provided, or if what he does or has so set apart is not of the value of five thousand dollars, he may ... in the first case select and set apart to be held by him as exempt under § 34-4, so much of his personal estate as shall not exceed in value the sum of five thousand dollars and, in the latter case, personal estate, the value of which, when added to the value of the real estate set apart, does not exceed such sum.
 

 Thus, in accordance with sections 34-4 and 34-13, both Mr. and Mrs. Cheeseman exempted their one-half interest in the equity in their home and took the remainder of their exemptions in personalty.
 

 [3]
 

 .This section provides in relevant part:
 

 Every householder or head of a family residing in this state shall be entitled ... to hold exempt from levy, seizure, garnishment or sale under any execution, order or process
 
 *62
 
 issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding five thousand dollars.
 

 [4]
 

 . In
 
 Thompson,
 
 Bankruptcy Judge Bonney allowed the household exemption for both the husband and the wife. He concluded, based on the legislative history of the Bankruptcy Code and the language of 11 U.S.C. §§ 522(b) and (m), that Congress intended to permit in joint cases an exemption for each debtor. The district court, relying exclusively on state law, reversed this decision.
 

 [5]
 

 . Other federal exemptions include, for example, Social Security payments, 42 U.S.C. § 407; injury or death compensation payments from war risk hazards, 42 U.S.C. § 1717; wages of fishermen, seamen, and apprentices, 46 U.S.C. § 601; and death and disability benefits under the Longshoremen’s & Harbor Workers’ Compensation Act, 33 U.S.C. § 916.
 
 See
 
 H.R.Rep. No.595, 95th Cong., 1st Sess. 360 (1977),
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5787, 5963, 6316.
 

 [6]
 

 . This subsection provides that “[t]his section [522] shall apply separately with respect to each debtor in a joint case.” 11 U.S.C. § 522(m).
 

 [7]
 

 . Section 34-3.1 provides:
 

 No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95-598), except as may otherwise be expressly permitted under this title.
 

 [8]
 

 . There are a few other exemptions available to Virginia residents, but several by their terms are similar to the homestead exemption in that they are available only to householders. A householder engaged in agriculture, for example, may exempt certain agricultural tools and equipment, Va.Code § 34-27 (Supp.1980), and a householder may exempt certain personal items including the family Bible, the family pets, and wedding rings. Va.Code § 34-26 (Supp.1980). Also, a disabled veteran is entitled to an extra $2,000 exemption. Va.Code § 34-4.1 (Supp.1980). Another exemption, one for rents and profits received from the homestead, is set forth in Va.Code § 34-18 (Supp. 1980) and provides in relevant part:
 

 The rents and profits of the property set apart as the homestead shall be exempt in the same manner as the corpus of the homestead. Va.Code § 34-18 (Supp.1980).
 

 [9]
 

 . Although section 34-1 defines “householder” and not “head of a family,” these terms have been considered equivalent under previous law.
 
 Oppenheim v. Myers,
 
 99 Va. 582, 39 S.E. 218 (1901).
 

 [10]
 

 . References to “Congress” are actually references to the House of Representatives as section 522 essentially mirrors the House bill’s provision for exemptions, which differed significantly from the Senate’s provision.
 
 See
 
 note 10, infra.
 

 [11]
 

 . The Senate bill proposed allowing state law to govern exemptions in the same manner as did the law then in effect.
 
 See
 
 S.Rep.No.989, 95th Cong., 2d Sess. 6 (1978)
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5787, 5792, whereas the House bill proposed allowing the bankrupt debtor to choose between state exemptions and specifically enumerated federal exemptions.
 
 See
 
 H.R.Rep.No.595, 95th Cong., 1st Sess. 126-27 (1977),
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5963, 6087-88. The Senate opposed the House bill’s provision
 
 *64
 
 for permitting the debtor to make a choice. It expressed a concern that, in a joint case, a husband could choose the federal exemption and the wife could choose the state exemptions, thus allowing the couple to retain a “very substantial” amount of property. S.Rep.No. 989, 95th Cong., 2d Sess. 6 (1978),
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5787, 5792.
 

 Nevertheless, the language of section 522 of the Act tracks for the most part the provision of the House bill on exemptions. A compromise provision, however, was added to section 522 of the House bill, which allowed states to opt out of the federal exemptions.
 
 See
 
 124 Cong.Rec. S17.412 (daily ed. Oct. 6, 1978).
 

 [12]
 

 . The other exemptions provided by Virginia law,
 
 see
 
 note 7,
 
 supra,
 
 and federal laws other than 11 U.S.C. § 522(d) do not save the bankruptcy court’s interpretation of section 34-1 because those exemptions apply only to very limited groups of people and are unlikely to be available to the bankrupt debtor in most cases.