**In re James P. MORGAN, a/k/a James Peter Morgan a/k/a J. P. Morgan, Debtor.**

**Bankruptcy No. 81–00656–A.**

United States Bankruptcy Court, E. D. Virginia, Alexandria Division.

Dec. 4, 1981.

James P. Morgan, Alexandria, Va., debtor.

Richard M. Alvey, Woodbridge, Va., for debtor.

Roy B. Zimmerman, Alexandria, Va., trustee in bankruptcy.

## MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Bankruptcy Judge.

The issue before the Court arises from the trustee's assertion that there should be a disallowance of exemptions claimed by the debtor who filed a voluntary petition in bankruptcy under 11 U.S.C. § 301 on June 4, 1981.

The debtor, a single individual residing in Alexandria, Virginia, filed a Homestead Deed on June 1, 1981 in Prince William County, Virginia, and set forth in his schedules at B–4 his itemization of the property claimed as exempt under the homestead section of the Virginia Code. Va.Code § 34–4 (Supp.1981).

The trustee, in his report of exempt property, asserted that the debtor was not entitled to a homestead exemption in that he was not the head of a household and, furthermore, that the Homestead Deed was filed in the wrong jurisdiction.

Following the decision of *In re Cheeseman*, 656 F.2d 60 (4th Cir. 1981), the trustee withdrew his objection as to the debtor's status as a householder.

The remaining issue for consideration is whether the debtor, having listed the proper exemptions in his petition but having filed his Homestead Deed in the wrong jurisdiction, should be denied his exemptions.

Upon the filing of a voluntary petition under 11 U.S.C. § 301, the operative effect of the Bankruptcy Reform Act of 1978 is to vest the estate with all property interests of the debtor, both legal and equitable. 11 U.S.C. § 101, *et seq.* However, so that the debtor will not be totally destitute and be better able to obtain a fresh start, he is granted certain exemptions. 11 U.S.C. § 522. Section 522(b) of Title 11 allows the debtor an option to choose between certain specific exemptions set forth in Section 522(d) or those exemptions available under the state or local law that is applicable on the date of the filing of the bankruptcy petition, unless the state law applicable to the debtor does not allow such option. The

Commonwealth of Virginia has legislated against such option. Va.Code § 34–3.1 (Supp.1981).

For a Virginia debtor who files a voluntary petition to be entitled to a homestead exemption he is required by the Virginia statutes to set apart his exemption in a deed filed in the jurisdiction wherein he resides on or before the date of filing of the voluntary petition in bankruptcy[1], such failure to timely file is fatal and, if there is no filing or an improper filing, the exemption is lost[2].

In the Bankruptcy Reform Act of 1978 (11 U.S.C. § 101, *et seq.*), Congress specifically designated the procedure whereby exemptions shall be claimed. 11 U.S.C. § 522(*l*) states as follows:

> (*l*) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

Thus, not only can a debtor receive entitlement to exemptions by simply filing a list of the same but, in addition, his dependents having ascertained that he has failed to do so are permitted to claim exemptions for him, necessarily implying that the action by such dependents could take place after the filing of the petition.

Congress as the legislative branch of the Federal Government has the exclusive power to establish uniform bankruptcy laws, U.S.Const.Art. 1, § 8, and, having specifically adopted a procedure for claiming exemptions, 11 U.S.C. § 522(*l*), the Court must accordingly adopt the interpretation of Virginia law that does not conflict with Section 522(*l*). *International Shoe Co. v. Pinkus,* 278 U.S. 261, 263–64, 49 S.Ct. 108, 109, 73 L.Ed. 318 (1929). *In re Cheeseman, supra.*

The "opt out" provision granted to the states referred to above under 11 U.S.C. § 522(b) is a grant to the states to prohibit the selection of the federal exemptions but, by its very provision, is not so extensive as to allow the states by such voluntary action to alter or eliminate the provisions set forth pursuant to 11 U.S.C. § 522(*l*).

It must also be noted that Virginia law permits a dependent to claim an exemption for the debtor only if the debtor is deceased[3]. This also is so restrictive as to be in conflict with the provisions of Section 522(*l*).

■ While states may fix levels of exemptions by legislative action prohibiting the selection of specific exemptions, they may not classify which bankrupt debtors should be entitled to exemptions, nor deny their dependents such right, when the classification conflicts with federal law. *In re Cheeseman, supra.*

■ It, therefore, follows that the debtor having listed his exemptions in his petition in accordance with 11 U.S.C. § 522(*l*), setting forth the proper listed exemption section under Virginia law, must be allowed his exemptions. Any other interruption would be inconsistent with Section 522(*l*) of the Bankruptcy Code.

An appropriate Order will enter.

---

1. Va.Code §§ 34–13, 34–17 (Supp.1981); § 34–14 (1976 Repl. vol.).

2. Section 34–17 of the Virginia Code provides: When the exemption may be set apart.— The real or personal estate which a householder is entitled to hold as exempt may be set apart at any time before it is subjected by sale or otherwise under judgment, decree, order, execution or other legal process, provided that (1) any person who files a voluntary petition in bankruptcy may set it apart before or on the same day that he files his petition but not thereafter, or (2) any person against whom an involuntary petition in bankruptcy is filed may set it apart at any time before the expiration of the period after its adjudication within which he is required to file his schedules. (Code 1919, § 6543; 1944, p. 489; 1974, c. 272; 1981, c. 580.) Va.Code § 34–17 (Supp.1981).

3. Va.Code § 64.1–151.3 (Supp.1981) supplementing § 34–10, *et seq.*, repealed by the Act of 1981, c. 580.