**In re Joseph Bernard GUSTINIS, Gertrud Gustinis, Debtors.**

**Bankruptcy No. 81–01720–R.**

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

Dec. 16, 1981.

C. Jeffers Schmidt, Jr., Richmond, Va., trustee.

Thomas P. Cheeley, Cheeley & Cheeley, Colonial Heights, Va., for debtors.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by C. Jeffers Schmidt, Jr., the Trustee in Bankruptcy, of an objection to the exemptions claimed by Gertrud Gustinis, a debtor herein. Upon a hearing having been held and after argument the Court makes the following determination.

1. The Virginia homestead exemption is provided for as follows: "Every householder or head of a family residing in this State shall be entitled ... to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not

## STATEMENT OF FACTS

The Debtors, Joseph Bernard Gustinis and Gertrud Gustinis, filed a voluntary petition in bankruptcy on October 8, 1981. The Debtors, pursuant to *Virginia Code* § 34–4, executed and timely recorded a homestead deed on October 5, 1981 in which each debtor claimed an interest in jointly owned property which they valued at $6,850.00. The total value of the property which Gertrud Gustinis claimed exempt under her homestead deed was $3,425.00.

. Gertrud Gustinis testified at said hearing held in this matter that she is a housewife and that she holds no employment position outside of her home. She stated that she works approximately nine hours a day performing her duties as a housewife and taking care of her family. The Gustinis household consists of both husband and wife, three minor children, and a twenty year old son. Mrs. Gustinis takes care of operating the household which among other duties and responsibilities includes shopping for groceries, cooking for the family, cleaning the house, and washing the family's clothes.

## CONCLUSIONS OF LAW

This Court faces the issue for the first time in light of *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir. 1981) whether a wife may claim a homestead exemption under Virginia law if she is living with her husband and is not gainfully employed outside of the home. The Trustee in the instant case asks this Court to deny the Debtors' claimed exemptions. He argues that because Mrs. Gustinis is not employed outside of the home she does not qualify as a householder or head of a household pursuant to Virginia law.[1] The court held in *Cheeseman* that *Virginia Code* § 34–1[2] "can and should be

exceeding five thousand dollars." *Va.Code* § 34–4 (1981 Cum.Supp.).

2. The *Virginia Code* defines "householder" as including "any person, married or unmarried, who maintains a separate residence or living quarters, whether or not others are living with him." *Va.Code* § 34–1 (1981 Cum.Supp.).

read to allow a homestead exemption to each spouse living together if he or she contributes to the maintenance of the household." *Cheeseman* at 63. The debtors in Cheeseman were married to each other and resided together. They were both gainfully employed and contributed funds to the maintenance of the household. Before they filed their petition in bankruptcy each claimed a homestead exemption pursuant to *Virginia Code* § 34–4 by which each exempted their one-half interest in the equity in their home which they owned as tenants by the entirety.

The *Cheeseman* court based its decision on several factors. The court found that the language of *Virginia Code* § 34–1 which defines a householder was ambiguous. The court noted the statute could be read as providing that a husband and wife living together could not both be householders or that it could be read as providing that both could be householders if each contributed to the maintenance of the residence. The court stated that Virginia courts liberally construe the homestead exemption provision. *See Wilkinson v. Merrill*, 87 Va. 513, 516, 12 S.E. 1015, 1015–16 (1891). It also noted the policy of allowing each spouse to take his homestead exemption promotes family stability, for if only one spouse were allowed a homestead exemption, couples experiencing financial difficulties would be encouraged to separate in order that each could claim an exemption.

■ The court noted that a construction of the statute which allows each spouse to claim an exemption is consistent with 11 U.S.C. § 522(m).[3] *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977) 363, U.S.Code Cong. & Admin.News 1978, p. 5787. The Bankruptcy Code allows each debtor to choose either the federal exemptions specified in § 522(d) or those exemptions provided by state law, if the state allows the debtor to make a choice. Virginia has opted-out of the federal exemptions and prohibits debtors from exempting their proper-

ty pursuant to 11 U.S.C. § 522(d). *Virginia Code* § 34–3.1 (Cum.Supp.1981). Debtors may use only the exemptions allowed pursuant to Virginia law or federal law other than those provided for by § 522(d). *Id.* Virginia law regarding homestead exemptions must be construed broadly in order to avoid conflicting with the Bankruptcy Act's exemption provisions. *Cheeseman* at 63. Congress enacted a specific provision for exemptions for each debtor and states are not free to take away that right. *Id.* at 63, 64. State law may not conflict with federal bankruptcy law. *International Shoe Co. v. Pinkus*, 278 U.S. 261, 263–64, 49 S.Ct. 108, 109, 73 L.Ed. 318 (1929).

■ In the instant case this Court holds that Mrs. Gustinis is entitled to file a homestead deed. Mrs. Gustinis provides necessary services to the household in which she lives. Her duties as a housewife are legion. She cooks, cleans, shops for groceries, chauffeurs and generally manages the household. Her economic value to the household is certain and demonstrative and this Court concludes that her activities as a housewife contribute to the maintenance of that household. Other courts agree that a housewife's industry contributes to the maintenance of a home. The Wisconsin Supreme Court said "[t]he contribution of a full-time homemaker-housewife to the marriage may well be greater or at least as great as those of the wife required by circumstances or electing by preference to seek and secure outside employment." *Lacy v. Lacy*, 45 Wis.2d 378, 173 N.W.2d 142, 145 (1970). *See also, Jenkins v. Jenkins*, 278 So.2d 446, 449 (Miss.1973).

■ Even without Mrs. Gustinis being able to show a contribution to the maintenance of the household, this Court's decision would also be mandated by 11 U.S.C. § 522(m). Federal law provides that each debtor in a joint case is entitled to an exemption. *Cheeseman* at 64. The states may not be left free to establish their own exemptions when the classification conflicts

---

**3.** This subsection provides that "[t]his section shall apply separately with respect to each

debtor in a joint case." 11 U.S.C. § 522(m).

with federal law. The Court "must adopt an interpretation of Virginia's law that does not conflict with the Act's exemption provision." *Id.* at 63. This Court must allow both husband and wife to claim some exemptions as determined by either state or federal law in order to be consistent with 11 U.S.C. § 522(m). *Id.*

An appropriate order will issue.