Susan Marie ROBERTS, John Stephen
Roberts, Sr., Appellees,

v.

COUNTY OF HENRICO FEDERAL
CREDIT UNION, Appellant,

and

First & Merchants National Bank, Bank
of Virginia, Newport News Savings &
Loan Association, United Leasing Corp.,
and Amir H. Ghoreishi, Defendants.

No. 82–1759.

United States Court of Appeals,
Fourth Circuit.

Argued April 12, 1983.

Decided June 9, 1983.

Archie C. Berkley, Jr. for appellant.

Leonard E. Starr, III for appellees.

Before PHILLIPS, MURNAGHAN and
CHAPMAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Recently having considered the interplay
of federal bankruptcy, a tenancy by the
entireties in residential real property and
the Virginia homestead exemption,[1] we now
have occasion to consider still another as-
pect of their interconnections. Lawyers
justifiably take pride in their ingenuity.
Counsel here was truly ingenious, but re-
grettably from his point of view that was
not enough to bring about the result he has
urged.

John Stephen Roberts and Susan Marie
Roberts were husband and wife. First the
wife separately filed a voluntary petition
for bankruptcy. Subsequently, the husband
also separately filed. Each claimed an indi-
vidual homestead exemption. If the two
exemptions claimed were indeed allowable,
the claims of joint creditors, which other-
wise can reach tenancy by the entireties
properties, would be entirely thwarted.[2] If
the exemptions were not available to the
Roberts, however, the net equity of redemp-
tion would amount to $7,643.99, a sum suffi-
cient to pay at least in part the joint judg-
ment which had been docketed by the Coun-

---

1. See Ragsdale v. Genesco, Inc., 674 F.2d 277
(4th Cir.1982); Cheeseman v. Nachman, 656
F.2d 60 (4th Cir.1981).

2. The homestead exemption of each amounted
to $5,000. The equity of redemption in the
residential real estate owned by the Roberts as
tenants by the entireties was less than $10,000.

ty of Henrico Federal Credit Union[3] as a lien in the Clerk's Office of the Circuit Court for the City of Williamsburg, Virginia in the amount of $1,241.34 plus court costs and interest.

The ingenious contention made on behalf of the Credit Union is that, since the Roberts had acted separately in filing voluntary petitions for bankruptcy, neither might claim the homestead exemption against the tenancy by the entireties property. What force there is in that contention derives from the hoary common law concept that a tenancy by the entireties holding by husband and wife creates a present interest in neither but only an interest jointly held by the fictional entity of the two merged into a mystical single person.

The cases of the two Roberts were, at the Credit Union's request, consolidated. Husband and wife, following the objections to the exemptions put forward by the Credit Union, filed a Joint Amended Homestead Deed, jointly claiming the homestead exemptions.

■ In pertinent part, the statute creating the homestead exemption provides:

> *Every householder* ... residing in this State shall be entitled ... to hold exempt from levy, seizure, garnishment or sale under *any* execution, order or process is-

sued on *any* demand for a debt or liability on contract, his *real and personal property, or either, to be selected by him,* including money and debts due him, to the value of not exceeding five thousand dollars.

Va.Code § 34–4 (emphasis supplied). The homestead exemption is to be liberally construed in favor of the debtor or debtors.[4] The husband and wife in *Cheeseman* were each allowed to claim as much of his or her $5,000 homestead exemption as he or she desired against the equity in the family home, thereby putting that property interest entirely beyond the grasp of joint creditors.[5] The sole distinction relied on by the Credit Union to escape the consequences of *Cheeseman* is the fact that Mr. and Mrs. Cheeseman filed a joint voluntary petition. That is supposedly of great significance since the marital pair in *Cheeseman* observed and satisfied the unity concept of the common law when they acted jointly. Precisely because they failed to do so in the instant case, the argument runs, each of the Roberts failed to qualify as a *householder* entitled to exempt *his* real property.[6] So far as the homestead exemption is concerned, according to the Credit Union, the householder for a tenancy by the entireties property can only be the husband and wife

---

**3.** Four other joint creditors also had judgment liens.

**4.** We cannot improve on Judge Ervin's statement in that respect in *Cheeseman, supra,* 656 F.2d at 63:

> The latter construction is more consistent with Virginia's policy that the homestead exemption provisions be liberally construed. *Wilkinson v. Merrill,* 87 Va. 513, 516, 12 S.E. 1015, 1015–16 (1891). Furthermore, Virginia has indicated that the purpose of a homestead exemption is to conserve the family home, *Murphy v. City of Richmond,* 111 Va. 459, 69 S.E. 442 (1910), and this purpose can best be promoted by a reading of the statute that allows an exemption to each spouse who contributes to the maintenance of the home: if both spouses are granted exemptions, for example, they are more likely to be left with sufficient equity to allow them to retain their home. We are wary, moreover, of a construction that allows only one exemption per residence because it has the very real poten-

tial of discouraging couples in financial trouble from weathering the storm together. That construction serves as an inducement to separate because if the husband and wife separate, they may both be entitled to claim an exemption. Thus, in light of the ambiguities in the householder definition and of strong policy considerations, we think section 34–1 can and should be read to allow a homestead exemption to each spouse living together if he or she contributes to the maintenance of the household.

**5.** The nature of the tenancy by the entireties holding, in and of itself, without resort to the homestead exemption, placed it outside the reach of the creditors of either marriage partner (as contrasted to creditors of both). *Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599 (1951).

**6.** Yet, surprisingly, the Credit Union emphasizes that, in a tenancy by the entireties "each spouse is deemed seised of the entire estate, not merely of an undivided fractional interest."

together, not the husband and the wife each filing separately.

■ Such a construction of language sustainable as it may possibly be when strict, if unrealistic, adherence is accorded to the origins of the tenancy by the entireties concept cuts squarely across the purpose sought to be achieved at common law when the now-quaint single marital entity concept was spawned. The underlying significance now for many years of tenancy by the entireties holdings has been the enhancement of protection of the marriage entity and its partners from the claims of creditors. The Credit Union asks us to depart 180° from the plain purpose underlying the establishment and enforcement of a tenancy by the entireties tenure.

Furthermore, the Credit Union freely conceded that, were the holding by the Roberts of their real estate in joint tenancy form, then, since the property could be partitioned, each could claim his or her $5,000 homestead exemption. Yet, "[u]nder the common law the same words of conveyance which would make other grantees joint tenants will make a husband and wife tenants by the entireties." *Vasilion, supra,* 192 Va. at 736, 66 S.E.2d at 602.

We would consequently require very explicit statutory language indeed to persuade us to an intent on the legislature's part to produce a strikingly different result as between two types of tenure so essentially identical, insofar as the purposes with which we here are involved are concerned. Marriage, its encouragement and preservation are legislative objectives. The Virginia General Assembly has not so much as intimated the slightest intention to treat husband and wife more harshly than an unmarried couple jointly owning a residence. Nothing we observe in the homestead exemption appears to compel such a result. While neither "his" nor "her" but only "its" is, in a purely grammatical sense, perhaps, the proper possessive pronoun when referring to a tenancy by the entireties for cus-

tomary purposes, nothing seems to us to foreclose the treatment by a tenant holding by the entireties as the possessor of some identifiable interest in a property owned jointly and indissolubly (except by agreement or death of the spouse, or by divorce) with his or her marriage partner.

Finally, it is inescapably inferable that both Mr. Roberts and Mrs. Roberts, while filing separate voluntary petitions, clearly meant to act in concert when each claimed the homestead exemption. The inference is strong for a couple living together as man and wife, for the need for a common residence is apparent. The requirement shines through whether the spouses approach the matter separately or jointly. The inference, already strong, was rendered a certainty when the Roberts moved to file their Joint Amended Homestead Deed, jointly claiming homestead exemptions in the equity of redemption attaching to the residence.

It is that clearly discernible desire to act together rather than the formality of filing a joint voluntary petition for bankruptcy which accomplishes exercise of rights respecting property held as tenants by the entireties. The Roberts have acted jointly in the important respect of claiming their homestead exemptions, and that satisfies any mandates of the entireties tenure.[7] The Roberts, accordingly, are entitled to claim their respective exemptions, applying them to the equity of redemption in the residential real estate.

Therefore, the action of the bankruptcy judge in according homestead exemptions both to the husband and to the wife exercisable against the equity of redemption in the residential property held as tenants by the entireties is

AFFIRMED.

---

7. We do not mean to imply that the joint homestead deed was essential. That is a question

we have no occasion to address.