**In re Harry Lee HEATH and Margaret Reynolds Heath, Debtors.**

**Bankruptcy No. 686-01189.**

United States Bankruptcy Court, W.D. Virginia, Danville Division.

March 20, 1987.

Allan Garrett, Danville, Conn., for debtors.

Lewis E. Goodman Jr., Danville, Trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

Before the court is the objection of the Chapter 7 trustee to the homestead deed

**470**

filed by the debtors, Harry Heath and Margaret Heath ("the debtors").

## I.

The debtors, husband and wife, filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code on November 7, 1986. Two days earlier, on November 5, 1986, the debtors had executed a homestead deed pursuant to Va.Code § 34–4, exempting various items of personal property valued by the debtors at a total of $9,664. Though the homestead deed valued each item of property, it did not distinguish between the wife's exemptions and husband's exemptions. Instead, the deed merely listed the personal property claimed exempt, without designating whether the husband and wife were exempting their respective interests in jointly owned property or whether one of them was exempting property owned individually.

On November 28, 1986, the Chapter 7 trustee objected to the debtors' homestead deed, requesting in essence that the debtors describe the interest each claimed exempt in the listed property.

## II.

As permitted by 11 U.S.C. § 522(b)(1), Virginia has opted out of the federal exemption scheme set forth in § 522(d). Va. Code § 34–4.1. Under the homestead exemption scheme adopted in Virginia, "[e]very householder or head of family" is entitled "to hold exempt real and personal property, or either, to be selected by him, ... to the value not exceeding $5,000." Va.Code § 34–4 (1984). The Fourth Circuit Court of Appeals has determined that a husband and wife residing together who file a joint bankruptcy petition are each "householders" and therefore are each entitled to a full $5,000 exemption under this provision. *Cheeseman v. Nachman*, 656 F.2d 60, 64 (4th Cir.1981).

To claim an exemption in personal property under Virginia law, the householder must designate the personal estate in writing, describe it "with reasonable certainty," and state its value. Va. Code § 34–14 (1984). The writing must then be recorded, usually as a homestead deed, in the county or city where the householder lives. *Id.*

The purpose of requiring a reasonably certain description and valuation of property is to enable existing creditors, as well as the bankruptcy trustee, to determine whether the claim is honestly asserted or whether a debtor is improperly seeking to insulate his property from the payment of his debts. *See Shirkey v. Leake*, 715 F.2d 859, 862 (4th Cir.1983), citing *In re Wilson*, 108 F. 197, 198 (W.D.Va.1901).

In the court's view, the homestead deed in this case does not "reasonably describe" the interests exempted by each debtor. The deed in this case merely lists and values various items of property. It does not specify whether each debtor is exempting an interest in jointly owned property. Nor does the deed indicate whether any of the property is individually owned and being exempted by only one of the debtors. The deed thus frustrates the purpose of requiring a reasonably certain description of the personal estates. Because of the failure of each debtor to specify the interests claimed exempt in each item of property, the trustee and creditors are unable to determine whether one of the debtors may be improperly seeking to insulate property by exceeding the $5,000 limit per householder prescribed by Va.Code § 34–4. As the trustee points out, the failure of the debtors to specify the interests claimed exempt also makes it impossible to determine what portion of the $5,000 limit may remain available to each debtor for future exemption under Va.Code § 34–4.

Case law does not support the debtors' contention that they are entitled to a "joint" $10,000 homestead exemption as husband and wife, rather than two distinct $5,000 exemptions. The decision of the Fourth Circuit Court of Appeals in *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir. 1981), is clear and straightforward. In that case, the Fourth Circuit, construing the homestead exemption provision of Va. Code § 34–4 allowing every "householder" a $5,000 exemption, determined that the term "householder" included a wife as well as a husband even though they resided

together. Accordingly, the Fourth Circuit concluded that a husband and wife residing together who file a joint bankruptcy petition are each entitled to a $5,000 homestead exemption under Va.Code § 34–4. 656 F.2d at 64. In *In re Gustinis*, 16 B.R. 108 (Bankr.E.D.Va.1981), the bankruptcy court for the Eastern District of Virginia reached a similar conclusion. In *Gustinis*, the court, relying on the *Cheeseman* decision, held that a wife who files a joint bankruptcy petition with her husband is entitled to claim a $5,000 homestead exemptioin in order to exempt her interest in property owned jointly with her husband, notwithstanding that her husband had separately claimed a homestead exemption. Nothing in these cases suggests that a husband and wife are entitled to a "joint" $10,000 exemption as the debtors suggest here. To the contrary, these cases make clear that a husband and wife filing a joint bankruptcy petition may each separately claim a $5,000 exemption under Va.Code § 34–4 in property in which each has an interest.

The debtors, as support for their position, argue that the Honorable Philip Hickson, former judge of this court, had allowed joint $10,000 exemptions for 25 years. The court does not view this as having any relevance here, particularly since, as discussed above, there is no authority to support that position and since the prevailing law during at least a portion of Judge Hickson's tenure had limited joint husband and wife debtors to a single $5,000 homestead exemption per household. *See In re Thompson*, 4 B.R. 823 (E.D.Va.1980) (wife residing with husband was not a "householder" and thus not entitled to claim a homestead exemption).

### III.

Based upon the foregoing, the court perceives no barrier to granting the trustee's requested relief. Accordingly, the court will enter an order sustaining the trustee's objection.