**In re Carl Davis HOWELL, Lucy Elaine Howell, Robin L. McGuire, Carl David Simmons, Michael Grant Staples, Gary Lewis Ferrell, Debtors.**

Bankruptcy Nos. 7–88–02053–R, 7–88–02054–R, 7–88–02080–R, 7–88–02081–R and 7–88–02114–R.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Oct. 12, 1989.

A. Carter Magee, Jr., Magee & Associates, Roanoke, Va., Trustee.

Susan C. Proctor, Law Office of Jeffrey H. Krasnow, Roanoke, Va., David W. Mullen, Christiansburg, Va., for debtors.

## JOINT MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Chief Judge.

The facts and issues being essentially the same in each of the foregoing cases, the court enters this joint opinion.

The issue before the court is whether each of the hereinafter-named debtors qualify as "householder or head of family" under Section 34–1 of the Virginia Code (Supp.1980) entitling each to claim the Virginia homestead exemption. Va.Code § 34–4 (Supp.1980).

The above-styled cases are consolidated in order to resolve the trustee's objections to the homestead exemption claimed by the respective debtors.

The essential facts in each of the above-styled cases are as follows:

### I. *In re Carl David Simmons*

Carl David Simmons is an unmarried 21 year old Chapter 7 debtor with no dependents. He worked for the past two years for Valley Fasteners and he is financially independent. He has filed his own tax returns and has not been claimed as a dependent by any other person.

Mr. Simmons filed his petition in this court on December 22, 1988. He filed a homestead deed in Roanoke City Circuit Court on December 28, 1988. At the time he filed his petition and homestead deed, he resided in Roanoke City with his mother and paid rent to her in the amount of $200.00 per month plus $80.00 per month for food, one-half the electric bill and about $20.00 per week for various toiletries and miscellaneous items. In return for the above amounts paid, Mr. Simmons had use of a bedroom as well as other rooms in the household.

### II. *In re Michael Grant Staples*

Michael Grant Staples is an unmarried 24 year old Chapter 7 debtor with no dependents. He has been employed for the past five years at Radford Arsenal and is self-supporting. He filed his own tax returns and has not been claimed as a dependent by any other person.

Mr. Staples filed his petition in this court on December 22, 1988. He filed a homestead deed in the Circuit Court for the City of Roanoke on December 28, 1988. Mr. Staples resides in Roanoke City with his mother and pays to her the amount of $80.00 every two weeks for room and board. In return for the above-stated amount paid, he has a separate bedroom and use of the remaining rooms in the residence.

### III. *In re Carl and Elaine Howell*

Carl Howell is 40 years old and his wife, Elaine Howell, is 44 years old. Carl and Elaine are married but have no other dependents. Both are employed full time and are financially independent. They have not been claimed as dependents on any tax return filed by any other person.

Mr. and Mrs. Howell, as debtors in this proceeding, filed a Chapter 7 petition in this court on December 19, 1988, and, thereafter, the two homestead deeds were mailed to Botetourt County and recorded in the Botetourt County Circuit Court on December 21, 1988. At the time of signing the deeds, both Mr. and Mrs. Howell resided together in Botetourt County.

At the section 341 meeting of the creditors on January 19, 1989, Mr. and Mrs. Howell testified that they vacated their marital residence in Botetourt County on December 20, 1988, because they did not intend to reaffirm the outstanding mortgage indebtedness against the real estate owned by them. They believed they needed to vacate the premises as quickly as possible so that the mortgage holder could proceed with disposition of the property. Upon vacating the premises, Mr. and Mrs. Howell temporarily moved in with Mrs. Howell's parents in Roanoke City and agreed to pay the amount of $200.00 per month as rent.

Duplicate homestead deeds were filed on behalf of Mr. and Mrs. Howell in Roanoke City Circuit Court on January 24, 1989, within five days after the first date set for the meeting of creditors. On February 11, 1989, Mr. and Mrs. Howell moved to a new address.

## IV. *In re Robin Louise McGuire*

Robin Louise McGuire is 30 years old, single with no dependents. She is employed by Jobes Florist and also does private duty nursing work. She is financially independent and has filed her own tax returns and is not claimed as a dependent by any other party.

Ms. McGuire, as debtor in this proceeding, filed a Chapter 7 petition in this court on December 19, 1988, and filed a homestead deed in Franklin County Circuit Court on December 21, 1988.

Ms. McGuire lives with her parents and pays the sum of $200.00 per month for rent. She has use of a bedroom and den on the second floor of the home and shares a bath and kitchen with other family members.

## V. *In re Gary Lewis Ferrell*

Gary Lewis Ferrell, as debtor in this proceeding, filed a Chapter 7 petition in this court on December 30, 1988, and filed a homestead deed in Montgomery County Circuit Court on December 21, 1988.

Mr. Ferrell, a 23 year old, was separated from his wife on October 19, 1988, and was unemployed on his filing date. He supports himself and his daughter who lives with his estranged wife. Just prior to filing, Mr. Ferrell moved in with his parents because he was financially unable to maintain a trailer residence which he had been ordered to vacate by the bank which held the security interest therein. Mr. Ferrell was to pay $100.00 per month to his parents for rent. Mr. Ferrell moved out of his parents' home sometime in June 1989 and had paid the sum of $500 to $600 in rent for the eight months he resided there.

The hereinabove-named debtors (collectively "debtors") maintain that they are householders within the meaning of the Virginia statute and entitled to claim the benefit of the homestead exemption.

The bankruptcy trustee ("trustee") objected to each debtor's claim of the homestead exemption because he contends that they do not qualify as householder or head of family under Virginia law. The trustee relies primarily on the court's holding in *Jones v. Kirsch*, 93 B.R. 77 (E.D.Va.1988).

In Virginia, the homestead exemption is to shield the helpless and unfortunate debtors. *Linkenhoker v. Detrick*, 81 Va. 44 (1885). The Virginia Supreme Court has stated that when construing homestead laws, a court should adopt a liberal construction in order to protect the debtors and their families. *In re Smith*, 22 B.R. 866, 867 (Bankr.E.D.Va.1982); *see Home Owners Loan Corporation v. Reese*, 170 Va. 275, 196 S.E. 625, 626 (1938); cited in *In re Newsome*, 60 B.R. 169, 172 (Bankr.E. D.Va.1986).[1]

1. For more cases regarding liberal construction of the statutes, *see Goldburg Co. v. Salyer*, 188

It must be the Court's objective to pursue an interpretation of the statute within the purpose intended by the legislature.[2] "The legislative purpose as revealed by the entire context must be considered." *Columbia Bank v. Lee,* 368 F.2d 934 (4th Cir.1966), *cert. denied,* 386 U.S. 992, 87 S.Ct. 1308, 18 L.Ed.2d 338.

The pivotal issue is whether each debtor is a "householder" entitled to claim the one-time exemption not to exceed the value of $5,000.00 as a homestead exemption pursuant to Va.Code § 34–1, *et seq.*

Section 34–4 of the Va.Code by its terms entitles "[e]very householder or head of family" to claim the homestead exemption.[3] Section 34–1 of the Va.Code defines "householder" as follows:

The word "householder" as used in this title shall include any person, married or unmarried, who maintains a separate residence or living quarters, whether or not others are living with him. . . .

To determine the present legislative purpose of the homestead statute, it is necessary to examine the previous history of the statute as well as the modern amendments made thereto.

Historically, the word "homestead" in its usual legal significance means the house and curtilage set apart for the family residence and exempt from forced sales for the debts of the householder.

Homestead exemptions are creatures of statutes and have no basis in common law. In Virginia and many other states, the early forefathers felt constrained to give this exemption constitutional prominence presumably to prevent it from being lightly taken away from the people. This strong sentiment had its roots grounded in the visions of debtor prisons and the sale into slavery of persons unable to pay their debts.

The first homestead law enacted in Virginia was an Act approved April 29, 1867. *See Act of the General Assembly* 1866–7, page 962. The next homestead law in Virginia was created by the Constitution of 1869 and was put into operation or implementation by an Act of the General Assembly approved June 27, 1880. The Constitutional provision was not self-executing but required legislation to put it into effect. *See Oppenheim v. Myers,* 99 Va. 582, 39 S.E. 218 (1901). Subsequently, the homestead law was replaced in the Constitution of 1902 and was put into operation by the *Acts of the General Assembly* of 1902–3–4, page 868. The former provisions were therein continued in the 1902 Constitution with some modifications.

The word "homestead" has been construed to mean the home; the house and the adjoining land where the head of the family dwells; the home farm; the fixed residence of the head of a family with the land and buildings surrounding the main house. *See Oliver v. Snowden,* 18 Fla. 823 (1882). In the state of Texas, the statutes have set apart exemptions as "business homesteads" which the head of a family uses and occupies as a place to engage in

---

Va. 573, 50 S.E.2d 272, 274 (1948); *Wilkinson v. Merrill,* 87 Va. 513, 12 S.E. 1015, 1016 (1891); *Roberts v. County of Henrico Federal Credit Union,* 709 F.2d 275, 276 (4th Cir.1983); *Cheeseman v. Nachman,* 656 F.2d 60, 63 (4th Cir.1981); *Richardson v. Woodward,* 104 F. 873, 875 (4th Cir.1900); *In re Gustinis,* 16 B.R. 108, 110 (Bankr.E.D.Va.1981); *In re Perry,* 6 B.R. 263 (Bankr.W.D.Va.1980). *See also* a collection of authorities in Vol. XXXVI *Washington and Lee Law Review,* p. 127, of Professor Ulrich.

2. "A remedial statute must be construed liberally so as to afford all the relief within the power of the court which the language of the statute indicates that the legislative intended." *See Virginia Development Company v. Crozer Iron Company,* 90 Va. 126, 17 S.E. 806 (1893), cited in *In re Snellings,* 10 B.R. 949 (Bankr.W.D.Va.1981).

*See also In re Wilkes,* 2 B.C.D. 957 (W.D.Va. 1976).

3. Section 34–4. Exemption created.—"Every householder or head of a family residing in this State shall be entitled, in addition to the property or estate which he is entitled to hold exempt from levy, distress or garnishment under §§ 34–26, 34–27 and 34–29, to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding $5,000. The word 'debt,' as used in this title, shall be construed to include a liability incurred as the result of an unintentional tort."

his calling or business. *See Spence v. State Bank of El Paso*, 294 S.W. 618 (Tex. Civ.App.1927). As appears from the foregoing, historically, the homestead exemption set apart to the head of a household or householder the family dwelling and adjoining land or curtilage.

Statutes, in order to conform to present day living arrangements of individuals, have altered and amended the original meaning over the years, this being true with the Virginia statute. Section 34–4 defines property which may be set apart as exempt from levy, seizure, etc., "his *real* and *personal property* or *either*, to be selected by him, including *money* and *debts due him.*" (emphasis added) The foregoing definition contained in Section 34–4 not only includes real estate but personal property, including choses in action, being intangible personal property which is incapable of being seen and may be even perishable in nature.

■ The homestead created by the law of Virginia is not a "homestead" in any real sense of the word but is an exemption pure and simple. The Virginia homestead exemption is not limited merely to the conservation of the family dwelling and adjoining land or curtilage because it may be claimed in real estate or tangible and intangible personal property.

The Virginia legislature's modern amendments to the definition of householder have consistently moved toward expanding the number of people who may qualify as householder; whereas, prior definitions of "householder" required a relationship which compelled the duty of support.[4]

In modernizing the statute by the 1978 Amendment, the legislature moved away from the relationship and duty of support requirement. From the amendment, it is clear that the legislature did not intend to restrict the word "householder" but intended to enlarge its application to comport with practical present day circumstances of the citizens of Virginia. Furthermore, "the language 'shall include,' which was added by the 1978 amendment, does not lend itself to a limitation, but should be considered an extension or enlargement of the definition of 'householder.'" *Dickens v. Snellings*, 10 B.R. 949 (Bankr.W.D.Va. 1981).

In modernizing the statute further, by the 1979 Amendment, the legislature added the language "married or unmarried" as well as the language requiring the maintenance of "a separate residence or living quarters." The 1979 Amendment, then, not only continued the changes introduced by the 1978 Amendment, namely that a person need not have dependents or others living with him in order to qualify as a householder, but also allowed a single person to qualify as a householder. The words "living quarters" is further indication that a single room, apartment, condo or dwelling house will suffice.

Generally, words in a statute should be given their plain and ordinary meaning unless the statute is ambiguous or it is apparent the words are used by the legislature as words of art. *In re Allen*, 52 B.R. 206, 208 (Bankr.E.D.Va.1985) *citing Miller v. Commonwealth*, 172 Va. 639, 648, 2 S.E.2d 343, 347 (1939).

In *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981), the Court of Appeals for the Fourth Circuit found the language of the homestead exemption statute to be ambiguous and capable of various interpretations. The court stated that, depending on how the statute is read, the language could limit the exemption to allow only one person in each residence to be a householder because the other people living with him or her typically do not maintain other separate residences. On the other hand, the court reasoned that the statute could be construed to permit any individual who contributes to the maintenance of a residence,

---

4. Section 34.1. Code of Va. prior statute. Definitions. "The word 'householder' used in this title shall mean one who occupies such a relationship towards persons living with him as to entitle them to a legal or moral right to look to him for support and who, in turn, has the duty of supporting such persons. The word 'householder' shall be equivalent to the expression 'householder or head of family,' and the term 'laboring person' shall be construed to include all householders who receive wages for their services."

without regard to whether others in the same residence contribute to its maintenance, to be a householder. In finding the latter construction more consistent with Virginia's policy to construe exemption statutes liberally in favor of the debtors, the court extended the homestead exemption to both husband and wife living together if he or she contributes to the maintenance of the household. *See also Dickens v. Snellings, supra.*

The court in *Cheeseman* conformed to the legislature's apparent intent (as per statutory amendments addressed above) to expand the statute by focusing on the "contribution to the maintenance of the household" rather than the relationship of the husband and wife or a duty of support requirement.

In *Jones v. Kirsch, supra*, the court made findings and conclusions quite different from the facts here. Here, there is no indication that these debtors are dependents nor the payments made were voluntary contributions to the household rather than rent. Here, also, the occupancy shows that these debtors had, and maintained, separate "living quarters" in compliance with the statutory language. The legislature, by the addition of the words "living quarters" in addition to the word "residence," intended to further broaden the exemption rights under the statute. This is in keeping with the amendments of recent years enlarging and expanding the benefits of the homestead exemption.

In the consolidated cases herein, each of the debtors before this court are totally emancipated adult citizens who were financially self-supporting and independent. No debtor was claimed as a dependent for income tax purposes by his parent(s) or any other persons. Each of the debtors paid a fair and reasonable amount for the exclusive use of certain living quarters within the residence shared with other people. Simply because the financial circumstances of each compelled them to reside in a private residence of their parents is not a compelling fact which would deprive these debtors of their exemption.

In light of the legislative history transforming the "homestead" exemption into a true exemption, the modern legislative amendments expanding the number of people who qualify as householder, and the *Cheeseman* decision conforming with Virginia's liberal construction policy, makes it unrealistic to hold that an independent child living with his parents and contributing to the maintenance of the residence is not a householder because of his relationship to his parents and/or his failure to support his parents. Courts, in their construction of statutes which contain ambiguous language, must search out the true intent of the enacting body in order to give the statutes the effect compatible with the interests dealt with. In this case, we are here dealing with an individual's right to claim the once-in-a-lifetime homestead exemption which has been extended and expanded by the legislature. It would not be appropriate nor, indeed, desirable to engage in technicalities or vacillate as to uncertain language in a manner which would defeat that right and, in effect, attribute to the state legislature an intent, as well as a result, which would be undesirable and unintended. It would not be fair to assume that the legislature intended such a narrow and restrictive construction so as to exclude these debtors.

Accordingly, it is

## ORDERED

that the trustee's objections to the debtors' Virginia homestead exemption are DENIED.