In re Robert Franklin SPRAKER, Jr., Carolyn Marshall Spraker, Debtors.

Bankruptcy No. 7–90–02475.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

May 30, 1991.

Charles R. Allen, Jr., Roanoke, Va., trustee.

William W. Terry, III, Roanoke, Va., for debtors.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The issue for decision before the court involves the homestead exemption of Robert Franklin Spraker, Jr. (hereinafter debtor or Spraker) of certain shares of stock or partnership interests held by him individually. The Chapter 7 Trustee received an offer from Messrs. Wendell and Kerr (hereinafter Wendell) to purchase all of the shares of stock or partnership interests in five hotel entities (hereinafter the entities) owned by Spraker. The court is called upon to determine whether the Trustee may sell to Wendell pursuant to the purchase offer the relevant stock or interests in the debtor's name and thereafter pay the debtor the cash valuation of the claimed exemption from the proceeds of sale or whether the debtor may carve out specific shares of stock in a corporation or interests in a partnership as part of his homestead exemption. Code of Virginia § 34–4 is the statute that governs this issue.

*Facts*

Spraker and his wife filed a joint petition under Chapter 7 on December 26, 1990. A joint homestead deed was filed by Spraker and his wife in the Clerk's Office of the County of Roanoke on December 28, 1990. The deed sets forth the property claimed exempt and the cash valuation thereof, as follows: cash and deposits, $800.00; Sowilk, Inc. stock, $1.00; Nowilk, Inc. stock, $1.00; ERM Hotel Corp. stock, $1.00; CMH Hotel Corp. stock, $1,500.00; Carolina Investments partnership interest, $1,500.00;

Virginia Inn Management, Inc. stock, $1,500.00; Hospitality Services, Inc. stock, $1.00; and GHLP, Inc. partnership interest, $1,500.00.

The Chapter 7 Trustee filed an objection to the exemptions claimed in Sowilk, Nowilk, ERM, CMH, and Carolina Investments on February 15, 1991, on the ground that Wendell made an offer to purchase "all and not less than all" of the stock or partnership interests in those entities held in Spraker's name. A hearing was held on the Trustee's objection on March 12, 1991, in Roanoke, Virginia, and since the facts are not in dispute, the parties agreed to submit the matter on briefs.

The Trustee and Wendell argue that the Trustee may sell Spraker's interest in the entities and pay Spraker the value of his homestead exemption in cash from the sales proceeds. Debtor argues that he may specifically carve out some of the stock or interests as his homestead exemption and that he is not required to accept a cash payment.

### Law

◼ Pursuant to Code of Virginia § 34–3.1, Virginia has opted out of the federal exemptions provided in 11 U.S.C. § 522(b). Accordingly, a Virginia debtor's homestead exemption is governed by Code of Virginia § 34–4, et seq. That section states

> Every householder shall be entitled ... to hold exempt from creditor process arising out of a debt, real and personal property, or either, *to be selected by the householder,* including money and debts due the householder not exceeding $5,000 in value. In addition, upon a showing that a householder supports dependents, the householder shall be entitled to hold exempt from creditor process real and personal property, or either, selected by the householder, including money or monetary obligations or liabilities due the householder, not exceeding $500 in value for each dependent.... (Emphasis added.)

It is the underlined language that the debtor claims to be dispositive in this case.

Section 34–13 provides that a householder may exempt personal property to the extent that the value of the exemption to which he is entitled is greater than the value of real property previously exempted under Section 34–4. Pursuant to Section 34–4 and an order of this court dated April 8, 1991, each of the debtors is entitled to claim as their separate homestead exemption property owned by them in an amount not to exceed $5,000.00.

At the hearing on March 12, 1991, counsel for Wendell introduced into evidence documents showing that the interests in Sowilk, Nowilk, ERM, CMH, and Carolina Investments are held in the name of Spraker individually, and that his wife has no interest in said entities. Wendell Exhibit 1. Since Mr. Spraker is the sole owner of the investments shown on the homestead deed, the value of his exemptions in these assets may not exceed $5,000.00.

The court in *In re Heath,* 101 B.R. 469 (Bankr.W.D.Va.,1987), cites *Shirkey v. Leake,* 715 F.2d 859, 862 (4th Cir., 1983), for the proposition that, "The purpose of requiring a reasonably certain description and valuation of property [in the homestead deed] is to enable existing creditors, as well as the bankruptcy Trustee, to determine whether the claim is honestly asserted or whether a debtor is improperly seeking to insulate his property from the payment of his debts." 101 B.R. at 470. More specifically, Michie's Jurisprudence states, "The purpose of the 'cash valuation' in the homestead deed is to enable creditors to ascertain, by inspection of the different articles and the prices affixed thereto, whether the debtor is making a fair and honest claim of homestead, or whether he is giving an underestimation of its value, and thereby securing to himself property that should be subjected to the payment of his debts." Michie's Jurisprudence, Exemptions from Execution, § 13. *See* also, *In re Smith,* 45 B.R. 100, 102 (Bankr.E.D. Va., 1984).

◼ The cash valuation by Spraker in this case is important because he utilizes all of his available homestead exemption to claim the investments as exempt. How-

ever, the total exemption he may claim cannot exceed $5,000.00 and this court finds that when challenged by objection of the Trustee, the burden is on the claimant to prove a proper valuation. At the hearing on the objection, Spraker offered no evidence to support his valuation. A prospective purchaser of Spraker's investments introduced an offer to purchase them in the aggregate for $40,000.00. Thus, the average value of the five investments Spraker seeks to exempt is $8,000.00.

Section 34–4 of the Code of Virginia allows a debtor to set aside personal property "not exceeding in value $5,000.00." The only evidence that the court has before it in this case is that the value of the investments Spraker seeks to exempt greatly exceeds, in the aggregate and individually, $5,000.00. The Supreme Court of Virginia has ruled that a creditor may liquidate property in which the creditor has a lien but that is subject to a claimed homestead exemption and that the homestead claimant is entitled to satisfy the exemption from the cash proceeds of sale of the property remaining after liens are satisfied. *Hawpe v. Bumgardner*, 103 Va. 91, 97, 48 S.E. 554 (1904).

The holding in *Hawpe* is applicable in this case. *Hawpe* stands for the proposition that a special commissioner may sell property, pay off all liens superior to the claimed homestead exemption and pay the surplus in satisfaction of the homestead exemption even though the homestead exemption is claimed in specific property. Spraker argues that application of *Hawpe* to this case would deprive him of his statutory right to exempt property under section 34–4 "to be selected by him." However, section 34–4 limits Spraker's right to exempt property selected by him to an amount "not exceeding $5,000.00 in value." The statute does not speak to a situation where the property selected by the debtor exceeds $5,000.00. The *Hawpe* decision holds that a debtor's property may be sold and the homestead paid in cash rather than kind. This court extends the *Hawpe* decision to include the facts shown in the case at bar. Thus, this court holds that the

Trustee may liquidate the debtor's investments and pay the claimed exemption of Spraker in cash up to the amounts claimed in the homestead exemption for the property sold by the trustee. All prior lien claims allowed by order of this court must be paid first. The balance of the fund remaining shall be administered by the Trustee pursuant to the Bankruptcy Code and Rules.