**Verne C. GAGNE, Appellant,**

v.

**Edward BERGQUIST, Trustee for the Bankruptcy Estate of Verne C. Gagne, Appellee.**

No. 3–94–470.

United States District Court,
D. Minnesota,
Third Division.

Sept. 1, 1994.

Michael B. LeBaron and Vilis R. Inde, Bloomington, MN, for debtor-appellant.

Edward W. Bergquist, trustee-appellee.

## ORDER

DAVIS, District Judge.

■ This matter came before the court on June 1, 1994 upon appellant, Verne C. Gagne's appeal from Bankruptcy Judge Robert J. Kressel's Order Determining Exemptions dated November 1, 1993. On appeal to the district court, the bankruptcy court's legal conclusions are subject to *de novo* review. *In re Apex Oil*, 884 F.2d 343 (8th Cir.1989). The bankruptcy court's findings of fact are subject to a clearly erroneous standard of review. Bankruptcy Rule 8013.

Based on a review of the record and consideration of the submissions of the appellant and appellee, the court concludes that Bankruptcy Judge Kressel's order allowing the sale of the video tapes is contrary to law. The remainder of Judge Kressel's order is neither clearly erroneous or contrary to law.

## I.

Appellant, Verne C. Gagne (Gagne) filed chapter 7 bankruptcy. In his petition, Gagne claimed as exempt an annuity in the total approximate amount of $124,000. He also claimed as exempt certain desks, wrestling mats, filing cabinets and video tapes as tools of the trade, the total value of which did not exceed $7,500. The Trustee objected to such exemptions. The Bankruptcy Court, Judge Kressel did not allow the exemption for the annuity, and resolved the objection as to the tools of the trade by allowing the exemption up to $7,500 and allowing the Trustee to find a buyer who would pay more than the statutory maximum.

## TOOLS OF THE TRADE

Minn.Stat. § 550.37, Subd. 6 provides an exemption of up to $7,500 for tools, implements, etc. reasonably necessary in the trade, business, or profession of the debtor. The Trustee did not object to the items being tools of the trade, but objected to their value being less than $7,500. At the hearing on his objections, the trustee stated that he had talked with a creditor who believed the tapes worth more than $7,500. The trustee did not produce any evidence supporting the belief that the tapes were in fact valued at more than $7,500.

■ Gagne argues the Trustee did not meet his burden of proof under Bankruptcy Rule 4003(c) because he did not provide evidence the tools were worth more than $7,500, that talking with a creditor is insufficient.

Bankruptcy Rule 4003(c) provides:

In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

To meet this burden, the trustee had to produce evidence which "rebuts the prima facie effect of the claimed exemption." *In re Lester*, 141 B.R. 157, 161 (S.D.Ohio 1991). In this case, the Trustee did not produce any evidence in support of his objection.

The Trustee argues there is legal support for the bankruptcy court's actions citing *In re Spraker*, 128 B.R. 727, 729 (Bankr. W.D.Va.1991). Gagne argues *Spraker* is inapposite because in *Spraker*, the trustee provided evidence of an offer to purchase which exceeded the exemption. Thus, the court already had valuation evidence before it. Gagne argues *Spraker* does not provide authority to the court to order sale of the property *to determine its value*.

■ Gagne was not required to make an affirmative showing at the hearing that the claimed exemption was appropriate. *Id.* at 161–162. He only needed to expressly or impliedly characterize the claimed exemption as falling within an exempt category. *Id.* at 162. In this case, Gagne claimed as tools of the trade desks, filing cabinets, wrestling mats and video tapes and stated their value was nominal. Given the fact that the Trustee failed to meet his burden of proof, and that Gagne's claimed exemption reasonably falls within the tools of trade exempt category, the exemption should have been granted. *See, Id.* at 161 ("the Code does not in any manner provide a state with the ability to

override the procedural requirements of Rule 4003(c)").

## ANNUITY

Gagne also appeals the bankruptcy court's decision as to his claim of exemption for the $124,000 annuity. Gagne provided limited information regarding the annuity, which was thereafter analyzed by Judge Kressel in his order. The annuity was not produced at the hearing. The Trustee claims he asked for the annuity, but it was never provided. Thus, at the hearing on the Trustee's objections, the Trustee did not produce the annuity or any other evidence supporting his objection that the annuity at issue did not fall within Minn.Stat. § 550.37, Subd. 24.

As discussed above, Rule 4003(c) requires the trustee produce evidence to support his objections. The debtor has no duty to make an affirmative showing at the hearing to prove the claimed exemption is appropriate. *In re Lester*, at 161–162. The court in *In re Lester* also held, however, that "in the absence of any evidence presented by the trustee, this Court may simply accept the Debtor's characterization of her claim as falling within an exempt category *as long as it appears from the facts that the claimed personal injury award could reasonably fall within an exempt category.*" *Id.* at 162 (emphasis added).

 This language suggests that even though the Trustee did not present any evidence in support of his objections, the bankruptcy court must, nonetheless, make a determination that the claimed exemption reasonably falls within an exempt category. Thus, the bankruptcy court in this case was correct in making the determination, upon the facts presented by Gagne, of whether the annuity reasonably falls within Minn.Stat. § 550.37, subd. 24. Based on a review of the facts, submissions of the parties, and applicable law, Judge Kressel's denial of Gagne's exemption as to the annuity under Minn.Stat. § 550.37, subd. 24 was neither clearly erroneous or contrary to law.

Accordingly, **IT IS HEREBY ORDERED** that:

Bankruptcy Judge Robert J. Kressel's Order Determining Exemptions dated November 1, 1993 is **REVERSED** as to his ruling on the claimed exemption for tools of the trade. The remainder of the Order is **AFFIRMED**.