## In re TOBIAS.

(District Court, W. D. Virginia. July 7, 1900.)

1. BANKRUPTCY—HOMESTEAD IN PERSONAL ESTATE—SUFFICIENCY OF CLAIM.
   A writing filed by a bankrupt with the referee in bankruptcy, claiming the "exemptions allowed a householder under the state law" in the property surrendered, and referring therein to the inventory made of said property by the trustee, wherein a cash valuation is affixed to each parcel or article, which writing is followed by the filing of a homestead deed, is a sufficient designation of the property claimed by the bankrupt to meet the requirements of Code Va. 1887, § 3639, providing that a homestead in personal estate shall be set apart in a writing signed by the householder, which shall designate and describe with reasonable certainty the estate so selected, and affix to each parcel or article the cash valuation thereof.

2. SAME—EXEMPTION IN PROPERTY NOT PAID FOR—IDENTIFICATION.
   Since, under Code Va. 1887, § 3630, the householder's right of exemption in personal property does not hold as against any execution or demand for the purchase price, a bankrupt, who has purchased goods and commingled them in a common stock, in making a claim for the homestead exemption in personal estate under the state law must designate the goods for which the purchase price has not been paid, and if he is unable to do this, because of their having been intermingled with goods paid for, he cannot claim an exemption as to any part thereof.

3. SAME—RIGHT OF HOUSEHOLDER AS AGAINST MERCANTILE CREDITORS.
   Since the right to a homestead exemption in personal estate holds against all claims except those for the purchase price, rent, and taxes, a bankrupt is entitled to a homestead, as against mercantile creditors, out of a stock of merchandise that has been surrendered in bulk to his trustee in bankruptcy.

4. SAME—GOODS PAID FOR FROM PROCEEDS OF PROPERTY NOT PAID FOR.
   Where the goods surrendered by a bankrupt were honestly acquired in the regular course of business, he is entitled to a homestead exemption in same, although they were paid for out of the proceeds of goods not paid for.

**5.** SAME—FRAUD—PLEADING—EVIDENCE.

A general allegation in exceptions to a bankrupt's claim for homestead exemption out of the personal estate surrendered, that the excepting creditors were induced to give up their goods by the fraud and misrepresentation of the bankrupt, and that the claim of a homestead is part of a scheme on the part of the bankrupt to hinder, delay, and defraud his creditors, cannot defeat the homestead claim, where the evidence fails to show that credit was given because of any false statement or misrepresentation of the bankrupt.

Micajah Woods, for bankrupt.

D. Harman, J. E. Edmunds, and C. W. Allen, for creditors.

PAUL, District Judge. In this case the referee certifies to the court for decision certain questions raised by exceptions taken to the bankrupt's claim of homestead. The first question is:

"When a bankrupt in his schedule says, 'I claim the exemptions allowed a householder under the state law,' and afterwards files a homestead deed, is this sufficient compliance with the law to entitle him to the exemption?"

The exemption claimed by the bankrupt under the provisions of the homestead law of Virginia is a stock of merchandise surrendered in his schedules. Section 3639, Code Va. 1887, provides how a homestead shall be set apart in personal estate. Section 3639:

"Such personal estate shall be selected by the householder and set apart in a writing signed by him. He shall, in the writing, designate and describe, with reasonable certainty, the estate so selected and set apart, and each parcel or article, affixing to each his cash valuation thereof; and the said writing shall be admitted to record, to be recorded as deeds are recorded, in the county or corporation wherein such householder resides."

The bankrupt on the 9th of April, 1900, after being adjudged a bankrupt, filed with the referee a writing claiming his homestead in the personal property surrendered, referring therein to the inventory made of the same by the trustee. In this inventory each parcel or article has affixed a cash valuation. The referee holds this designation and description of the property claimed by the bankrupt as a homestead to meet the requirements of the statute. The court sustains this finding of the referee.

The second question is thus stated:

"Where goods can be identified as not paid for, and the exemption is claimed in them, if the vendors fail to identify them will the exemption be allowed?"

This interrogatory arises on two exceptions filed by creditors of the bankrupt to the assignment of homestead made by the trustee. The second exception states:

"There is no evidence in this case that the stock of goods claimed as exempt has been paid for. The creditors cannot distinguish which of the goods have been paid for. * * *"

The third as follows:

"The articles specified as not being exempt are confined to such articles as the bankrupt claims to have been purchased from the creditors who have proved their claims. He admits that there are other articles in the stock which have not been paid for. It is insisted that none of the goods which have not been paid for can be claimed as exempt, whether the debt is due to the creditors proving their claims or others."

These exceptions are based on the following provision of the homestead law (section 3630, Code Va. 1887):

"Provided, that such exemption shall not extend to any execution order or other process issued on any demand in the following cases. First. For the purchase price of said estate, or any part thereof.    *    *    *"

It is agreed in this case that some of the goods claimed by the bankrupt as exempt under the homestead law have not been paid for. The evidence shows that the goods were purchased at various times between the months of January, 1899, and February, 1900, from different merchants in New York, Philadelphia, and other places; that these goods were commingled in a common stock. Some of the creditors from whom these goods were purchased have proved their debts in bankruptcy, others have not. On behalf of the bankrupt it is insisted that the creditors whose debts are still due them, in whole or in part, for the goods claimed under the homestead exemption, must identify in the general stock the goods sold by them, and for which they have not been paid, and that unless they do so identify the goods the bankrupt is entitled to claim them as exempt under the homestead law. The referee sustained this contention. On the other hand, it is claimed on behalf of the creditors that it is the duty of the bankrupt to identify and designate the goods on which, in whole or in part, he still owes the purchase money, in order that the trustee may set apart as exempt such as have been paid for. The court sustains this position of the creditors. In a case like this, where the evidence shows that many of the tags and marks on the goods have been removed,—where the goods have been purchased from many sellers and intermingled in a common stock,—it would be well-nigh impossible for the creditors to make the separation and identification. The hardship and injustice of such a requirement are increased where, as in the case before us, the creditors are numerous, living at great distances from the domicile of the bankrupt, and most of their claims being for small amounts. To impose upon them, under such circumstances, the burden of identifying their goods, would be practically a denial of justice. On the other hand, it imposes no hardship on the bankrupt to require him to designate to the trustee what property is not exempt because the purchase price, or some part thereof, is not paid. He is the person seeking a benefit, often amounting to a considerable estate; and when he comes into a court of justice, asserting his claim to this property, he should come prepared to show a clear title to it under the requirements of the homestead law. If he is unable to do this, or has so intermingled the goods for which he has not paid with others that have been paid for as to make it impossible to designate the class for which he still owes, no homestead can be set apart in any of the goods. Rose v. Sharpless, 33 Grat. 158. The holding of the referee that the burden of designating the goods that have not been paid for rests upon the creditors from whom the same were purchased is erroneous, and must be reversed.

Third question:

"Can a stock of merchandise be set aside as a homestead against the mercantile creditors?"

Fourth question:

"Can a bankrupt claim his exemption in goods that have been paid for, if it be proven that they were paid for with the proceeds from the sale of goods that were unpaid for?"

The third and fourth questions will be considered together. They are based on the fourth exception to the assignment of homestead. Following is the exception:

"The stock of merchandise cannot be set aside as homestead against the mercantile creditors. The money due to exceptants is for the value of goods gotten from them by the bankrupt. If it is true that any portion of the goods have been paid for, such payments were made with the proceeds of the sales of their goods which have not been paid for, and what is due them therefor is in effect the purchase money for the goods now claimed as exempt."

A sufficient answer to the third question is found in the language of the statute allowing a homestead exemption. It provides that the debtor shall "be entitled to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for any debt or liability or contract his real and personal estate, or either, to be selected by him, including money and debts due him, to the value of not exceeding two thousand dollars." Then follows a list of certain debts, such as the purchase price of the estate, rent, taxes, etc., against which the exemption cannot be claimed. Section 3630, Code Va. 1887. Debts due mercantile creditors are not embraced in this class, and they have no higher standing, as against a claim of homestead exemption, than has any other debt not within the list of excepted debts. The argument that a homestead cannot be claimed against a debt due a mercantile creditor is based on a query in Rose v. Sharpless, supra; the court saying:

"The question whether a householder is entitled to have a homestead in a shifting stock of goods, used in the way of trade, ever liable to change, so that it is not the same yesterday and to-day, is a question of grave importance, but not necessary now to be decided."

However this question might be determined in a controversy between execution creditors and the debtor, where the latter claimed a homestead in a shifting stock of goods, that necessarily changed its character from day to day, the doctrine contended for is not applicable in a case of bankruptcy. Here the goods have been surrendered in bulk. The title to them has, by operation of law, vested in the trustee, and he must dispose of them as the bankrupt law directs. The goods in his hands cannot be said to be a shifting stock of goods, in the sense in which the supreme court of appeals of Virginia used the term in Rose v. Sharpless. The law is plain in the language employed. It allows a homestead exemption in real or personal estate, or either, including money and debts due the householder. As to the manner in which the bankrupt may dispose of his homestead exemptions, and reinvest the proceeds, under the provisions of section 3645, Code Va., is not a matter before this court. As to the question, can the bankrupt claim his exemption in goods that have been paid for out of the proceeds of goods not paid for? The answer to this question is, if the goods surrendered by the bankrupt were honestly acquired in the regular course of business, though paid for out of the proceeds of the sale of other goods that were not paid for, he can

claim a homestead exemption in the goods surrendered. It is the purchase price due the vendor of the goods claimed as a homestead that must be paid, and it is only the purchase price of the goods so claimed that can be enforced against the homestead. The purchase price of other goods cannot be so collected. There are numerous cases, and counsel have referred to some of them, where an insolvent has invested goods unpaid for in a homestead, with the purpose of defrauding his creditors, in which the purchase money due on the goods has been enforced against the homestead. But such is not the case here.

The only remaining question certified by the referee is thus stated:

"Is the claim of homestead by the bankrupt a part of a scheme to hinder and defraud creditors?"

The allegations charging fraud on the part of the bankrupt are made in a general way. They state that:

"The amounts due to exceptants are for goods obtained from them by the bankrupt by fraud and misrepresentation, by which they were induced to give up their goods, and the falsity of which were not known to them until he petitioned to be adjudged a bankrupt, and the exemption cannot be claimed against a liability for fraud. The claim of a homestead is a part of a scheme on the part of the bankrupt to hinder, delay, and defraud his creditors, and should not, therefore, be allowed."

The charges of fraud contain no specifications or details showing in what the false representations consisted, whereby the complaining creditors were deceived. 9 Enc. Pl. & Prac. 686. Nor does the evidence show that any statement made by the bankrupt as to his financial condition was communicated to any of his creditors, and that they were induced to give him credit by reason of his alleged false statements and misrepresentations. The court sustains all the findings of the referee, except that arising under the second question.