**In re Joe Anthony MARSH, Debtor.**

**Harry SHAIA, Jr., Trustee in Bankruptcy for Joe Anthony Marsh, Plaintiff,**

v.

**Joe Anthony MARSH, Defendant.**

**Bankruptcy No. 81–00683–R.**
**Adv. No. 82–0104–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Dec. 27, 1982.

Robert A. Canfield, Jr., Richmond, Va., for plaintiff.

Richard F. Papcun, Hopewell, Va., for defendant.

MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Harry Shaia, Jr., the trustee herein, of a complaint for turnover of property of Joe Anthony Marsh, the debtor herein. After trial and upon the submission of briefs, this Court makes the following determination.

STATEMENT OF THE FACTS

Marsh filed a Chapter 7 petition in bankruptcy with this Court on April 24, 1981.

On April 22, 1982, Marsh filed in the City of Hopewell, Virginia, a homestead deed in which he claimed exempt property valued at $2,546.00. Marsh claimed that property exempt pursuant to 11 U.S.C. § 522(b)(2) on Schedule B–4 of his bankruptcy petition.

At the meeting of creditors held on May 19, 1981, Marsh testified that he lived with his mother at the time he filed his petition. He stated that although he paid no rent to his mother he made gratuitous contributions to her.[1] He also said that from time to time he stayed at his aunt's house and sometimes paid rent to her. The trustee objected to the debtor's claim of exemptions and now brings this action for turnover of property pursuant to 11 U.S.C. § 542.

## CONCLUSIONS OF LAW

The trustee now seeks turnover of property claimed exempt by the debtor pursuant to his homestead deed alleging that the debtor did not fulfill the requirements of *Va.Code Ann.* § 34–1 and, therefore, was not a "householder" who could qualify for a homestead exemption. The debtor, by counsel, contends he qualifies as a "householder" because he had a legal and moral duty to support his mother at the time he filed his homestead deed. Virginia law provides that a child who supports a dependent parent qualifies as a "householder". *Epperty v. Holly*, 3 Va.L.Reg. (N.S.) 27, 30 (1917).

■ *Virginia Code* § 34–1 defines "householder" to include "... any person, married or unmarried, who maintains a separate residence or living quarters, whether or not others are living with him." Not every debtor is entitled to a homestead exemption; only debtors permitted by state law to claim homestead exemptions may do so. This Court notes that the Virginia stat-utory definition of "householder" is vague and ambiguous. *See, Cheeseman v. Nachman,* 656 F.2d 60, 63 (4th Cir.1981). In *Cheeseman,* the court determined that *Va. Code* § 34–1 allowed both a husband and a wife living together to claim a homestead exemption provided both contributed to the maintenance of the household. The court based its decision on the strong policy consideration of conservation of the family home, on the ambiguities in the "householder" definition and on the mandate of 11 U.S.C. § 522(m).[2] *Id.* A construction of the Virginia law allowing only one spouse to claim a homestead exemption would have conflicted with the exemption provision of 11 U.S.C. § 522(m).[3] *Id.* at 64.

This is not a joint case; therefore, this Court, unlike the *Cheeseman* court, is not faced with the applicability of 11 U.S.C. § 522(m).

This Court concludes that the debtor does not qualify as a "householder" pursuant to Virginia law because he does not maintain a separate residence. The evidence shows he lives with his mother and sometimes stays at his aunt's house. The debtor contends that he qualifies as a "householder" with the right to claim a homestead exemption because he supports his mother. The trustee clearly has the burden in a complaint to turnover property to establish he is entitled to the property. The Court can conclude from the evidence presented at the hearing in this matter that the debtor's occasional contributions of small amounts of money to his mother were insufficient to constitute support of his mother.

■ Because each state may opt out of the federal exemption schedules and enact its own exemption schedules, a debtor who has filed a petition in bankruptcy in a state

---

1. Marsh said he gave his mother $60.00 shortly before the meeting of creditors and $50.00 two weeks prior to the meeting of creditors. He earns $180.00 per week.

2. 11 U.S.C. § 522(m) provides that each debtor in a joint bankruptcy case is entitled to claim exemptions.

3. One may construe dicta in *Cheeseman* to permit any individual who contributes to the maintenance of a household to qualify as a householder. *See, Cheeseman* at 63. The court's narrow holding, however, applied only to husbands and wives involved in joint bankruptcy cases. *See, Note, "In re Cheeseman:* A Judicial Revision of Virginia's Homestead Exemption Laws," 16 *U.Rich.L.Rev.* 391, 398, n. 68 (1982).

which has opted out is entitled only to those exemptions provided him by state law.[4] *See, In re Sullivan,* 680 F.2d 1131 (7th Cir. 1982). Compliance with the state's exemption laws is a prerequisite to a debtor's claiming any property exempt thereunder. *See, Zimmerman v. Morgan,* 689 F.2d 471, 472 (4th Cir.1982). Because the debtor is not a "householder" pursuant to Virginia law, he had no right to file a homestead deed and the trustee's complaint for turnover of property should be granted.

4. 11 U.S.C. § 522(b)(1) allows each state to restrict debtors to exemptions provided for in its laws. Virginia enacted *Va.Code* § 34–3.1 and thereby availed itself of this opt-out provision.