**Vivian JONES, Appellant,**

v.

**Robert Earl KIRSCH, Appellee.**

**In re Robert Earl KIRSCH, Debtor.**

**Civ. A. No. 88–105–NN.**

United States District Court,
E.D. Virginia,
Newport News Division.

Oct. 21, 1988.

John E. Robins, Hampton, Va., for appellant.

Billy Brooks, Newport News, Va., for debtor.

Richard W. Hudgins, Newport News, Va., trustee.

## OPINION

WALTER E. HOFFMAN, Senior District Judge.

On January 14, 1988, Robert Earl Kirsch ("Kirsch"), the debtor, petitioned the United States Bankruptcy Court for the Eastern District of Virginia, Newport News Division, for relief under Chapter 7 of the Bankruptcy Code. Vivian Jones ("Jones"), one of two creditors listed in Kirsch's schedules, filed an objection to Kirsch's claim of a homestead exemption under the Code of Virginia 34–4 (1984) ("Virginia Code"). On July 13, 1988, the bankruptcy court ruled in favor of Kirsch, upholding the exemption. Jones appeals this order. This Court reverses the Bankruptcy Court's order.

The question before this Court is whether Kirsch is precluded from claiming a homestead exemption in an automobile because he is not a "householder," or because he did not pay the purchase price for the car?

I

FACTS:

In August 1987, Jones loaned Kirsch $10,000 for the purchase of a 1986 Pontiac Fiero automobile. Jones gave Kirsch a $10,000 check payable to Hollomon Pontiac, and Kirsch purchased the automobile. The certificate of title for the car listed Kirsch as the sole owner and specified that there were no liens on the automobile. The loan was based on an oral agreement which lacked precise terms of repayment. Apparently Jones intended that Kirsch make monthly payments of $200 beginning in September 1987. Kirsch made one payment in September but failed to make subsequent payments.

Jones filed suit in the Circuit Court for the City of Hampton, Virginia seeking judgment in the amount of $11,800.[1] Kirsch then filed a petition for bankruptcy and claimed the car as part of a $5,000 homestead exemption.[2] At the time of the petition, Kirsch was unemployed, had no dependents, and was living with his parents. He occupied one bedroom of a two-bedroom apartment. He made monthly payments of $200 to his parents while he was working and assisted with chores around the house. Kirsch ceased making payments in January 1988, a month after he terminated his employment with the Radisson Hotel. He continues to reside with his parents.

II

DISCUSSION

Kirsch filed for a Homestead Exemption under Virginia Code § 34-4, which provides the following:

Every householder or head of a family residing in this State shall be entitled, in addition to the property or estate which he is entitled to hold exempt from levy, distress or garnishment under §§ 34-26, 34-27 and 34-29, to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding $5,000....

Jones argues two theories in support of denying the exemption. First, Jones asserts that under § 34-5(1) Kirsch is not eligible to claim the exemption because he did not pay the purchase price for the automobile. Second, Jones claims that Kirsch is not a "householder" within Virginia Code § 34-1 and, therefore, not entitled to the exemption.

A. Does § 34-5(1) Preclude Kirsch's Exemption Claim?

■ Jones argues that because she paid for the car, Virginia Code § 34-5(1) precludes Kirsch from claiming the exemption. § 34-5(1) states the following:

Such [homestead] exemption shall not extend to any execution order or other process issued on any demand in the following cases:

(1) For the purchase price of such property or any part thereof. If the property purchased and not paid for be exchanged for or converted into other property by the debtor, such last named property shall not be exempted from the payment of such unpaid purchase money under the provisions of the preceding section (§ 34-4).

In support of her argument Jones cites the case of *In re Barnett*, No. 87-98-NN, slip op. (E.D.Va. Sept. 2, 1987) [1987 WL 49531]. In *Barnett*, the district court found that a debtor could not claim a homestead exemption in an automobile for which the purchase price had not been paid to the dealer, Casey Chevrolet Corporation ("Casey Chevrolet"). Jones argues that this holding is applicable to the present facts

---

1. Jones sought the sum of $11,800 because subsequent to the $10,000 loan Jones loaned Kirsch an additional $2,000 for the purpose of paying off a lien on another car.

2. In his Debtor's Schedule, Kirsch attributed $4,000 of his claimed exempt property to the Pontiac Fiero. The automobile was sold by the trustee in bankruptcy and the exemption, if applicable, is directed to the net proceeds of the sale.

because Kirsch has failed to pay Jones the purchase price of the automobile.

The Bankruptcy Court disagreed with Jones' reasoning. This Court follows the Bankruptcy Court's decision on this issue. Section 34–5(1) and *Barnett's* interpretation of it stand for the proposition that a debtor cannot claim an exemption in goods for which he has not paid the purchase price to the vendor of those goods.[3] The facts in *Barnett* are distinguishable from the present case in several respects. First, the creditor, Casey Chevrolet, was the actual vendor of the vehicle. Jones as the creditor merely made a personal loan to Kirsch. Second, the debtor in *Barnett* executed two promissory notes to Casey Chevrolet for the purchase price of the vehicle. In the present case, the purchase price of the automobile was fully paid to the vendor, Hollomon Pontiac. Third, Casey Chevrolet held title to the vehicle. Kirsch, on the other hand, held title free and clear with no liens.

Accordingly, this Court concludes that 34–5(1) is not applicable in this case and does not invalidate the exemption.

### B. Is Kirsch A Householder?

■ The section 34–4 Homestead Exemption extends to "[e]very *householder* or head of a family." (emphasis original). Kirsch concedes that he is not a head of a family, but contends that he is a householder, and, therefore, entitled to the exemption. "Householder" is defined in § 34–1 of the Virginia Code as follows:

> The word *"householder"* as used in this title shall include any person, married or unmarried, who maintains a separate residence or living quarters, whether or not others are living with him. . . .

(emphasis original).

This Court finds that the Bankruptcy Court erred in declaring Kirsch a householder.

The Bankruptcy Court was correct in noting that the Virginia exemption statutes should be liberally construed in favor of the debtor. *See Goldburg Co. v. Salyer*, 188 Va. 573, 50 S.E.2d 272, 274 (1948); *Wilkinson v. Merrill*, 87 Va. 513, 12 S.E. 1015, 1016 (1891).[4] Courts are not authorized, however, to reduce or enlarge exemptions beyond the constraints of the statutory language. *See Goldburg*, 50 S.E. 2d at 277; *Tignor v. Parkinson*, 729 F.2d 977, 981 (4th Cir.1984); *In re Williams*, 3 B.R. 244, 246 (Bankr.E.D.Va.1980). In this instance, the Bankruptcy Court construed the exemption beyond the limitations of the statutory language.

A predominating case calling for a liberal construction of the homestead exemption is *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981). In *Cheeseman*, the Fourth Circuit held that a husband and wife each could claim a separate homestead exemption in the same residence. *Id.* at 63. The court reasoned that both spouses were "householders," and, therefore, entitled to the exemption. *Id.* The court noted that each spouse owned an undivided one-half interest in the residence as tenants by the entirety. *Id.* at 61. The court also emphasized that strong policy considerations supported allowing an exemption for both spouses in order to encourage couples experiencing financial difficulties to preserve their marriage. *Id.* at 63.[5]

*Cheeseman's* liberal construction, however, does not broaden the exemption so far as to allow a son living with his parents to qualify as a householder. For several reasons, the facts surrounding Kirsch's residence with his parents indicate that he is not a householder within the exemption statute.

First, Kirsch is not "maintaining a separate residence or living quarters," as required under the definition of a household-

---

3. *See also Dominion Bank v. Nuckolls*, 780 F.2d 408, 411 (4th Cir.1985).

4. *See also Roberts v. County of Henrico Federal Credit Union*, 709 F.2d 275, 276 (4th Cir.1983); *Cheeseman v. Nachman*, 656 F.2d 60, 63 (4th Cir.1981); *Richardson v. Woodward*, 104 F. 873, 875 (4th Cir.1900); *In re Gustinis*, 16 B.R. 108, 110 (Bankr.E.D.Va.1981).

5. The court feared that denying the exemption to one spouse may induce the couple to separate so that both could avail themselves of the exemption. *Cheeseman*, 656 F.2d at 63.

er. Va.Code Ann. § 34–1 (1984); *see also supra* (quoting householder definition under § 34–1). The primary purpose of the homestead exemption is to conserve the family home. *Murphy v. City of Richmond*, 111 Va. 459, 69 S.E. 442, 444 (Va. 1910); *Cheeseman*, 656 F.2d at 63; *Richardson v. Woodward*, 104 F. 873, 875 (4th Cir.1900). In *Cheeseman*, both husband and wife individually owned a one-half undivided interest in their residence. *Cheeseman*, 656 F.2d at 61. Apparently Kirsch has neither an ownership interest nor a lease interest in his parents' residence, which is the home to be "conserved." Thus, the underlying purpose of the exemption statute does not support Kirsch's claim.

Second, Kirsch is *living with* his parents; his parents are not *living with* him. Section 34–1 provides that any person may be a householder "whether or not others are *living with him.*" (emphasis added). This Court interprets this clause as generally not extending to a child who lives with his parents. Kirsch is not playing the role of a child who supports his dependent parents.[6] For all intents and purposes, Kirsch is nothing more than a dependent. Although Kirsch was paying $200 a month to his parents, the payments ceased a month after he quit his job. These payments, therefore, seem more like voluntary contributions to the household rather than rent for continued residence.

Third, the court in *Cheeseman* apparently construed the exemption statute as not applying to a debtor who lives with his or her parents. The court construed the householder provision as follows:

> For example, a young married couple living together, *but apart from either set of their parents*, could be regarded as maintaining a separate residence. Under this construction a husband and wife could both be householders.

*Cheeseman*, 656 F.2d at 63. (emphasis added). Implicit in the court's statement is that those who do live with their parents are generally not considered householders.[7]

Finally, the statutory language expressly limits the exemption to householders. Va. Code Ann. § 34–4 (1984). The court in *Cheeseman* liberally construed "householders" to include both spouses because such a construction was consistent with the state's strong policy considerations in preserving marriages. *Cheeseman*, 656 F.2d at 63; *Roberts v. County of Henrico Federal Credit Union*, 709 F.2d 275, 277 (4th Cir.1983) (affirming exemptions for both spouses and noting that preservation of marriage is objective of Virginia legislature). This Court sees no equally compelling policy considerations here. If the legislature intended the exemption to extend to all debtors, it would not have limited its language to householders.[8]

This Court recognizes that the legislature's past amendments to the definition of householder have consistently moved toward expanding the number of people who may qualify as householders.[9] Neverthe-

---

**6.** A child who supports a dependent parent may be considered a householder and entitled to the homestead exemption. *See Epperty v. Holley*, 3 Va.L.Reg. (N.S.) 27, 30 (Corp.Ct. of Radford 1917) (holding that child supporting dependent mother was householder and entitled to exemption); *In re Marsh*, 26 B.R. 94, 95 (Bankr.E.D. Va.1982) (indicating that child living at home is householder only if supporting his or her parent).

**7.** *Cf.* Ulrich, *Virginia's Exemption Statutes—The Need for Reform and a Proposed Revision*, 37 Wash. & Lee L.Rev. 127, 132–33 (1980) (commenting that normal construction of § 34–1 would exclude young woman or man living with parents from definition of householder).

**8.** In *Cheeseman* the court noted that the statute may be construed to permit any individual who

contributes to the maintenance of the residence to be a householder. *Id.* at 63. The court limited its holding, however, to only husbands and wives involved in joint bankruptcy. See Note, In re Cheeseman: *A Judicial Revision of Virginia's Homestead Exemption Laws*, 16 U.Rich.L.Rev. 391, 398 n. 68 (1982); *In re Marsh*, 26 B.R. 94, 95 n. 3 (Bankr.E.D.Va.1982). We choose not to extend *Cheeseman's* application beyond spouses.

**9.** The pertinent development of the present definition of householder may be mapped as follows:

> 1974 Va.Acts ch. 272, § 34–1. Definitions.— The word *"householder"* used in this title shall *mean one who occupies such a relationship towards persons living with him as to entitle them to a legal or moral right to look to*

less, the legislature has persisted in limiting the Homestead Exemption to only householders or heads of families. Presumably, the legislature retained this language because it did not wish to extend the exemption to all debtors. Allowing Kirsch to claim the exemption under these facts would effectively have this Court write out the householder limitation in the statute; a result this Court is neither competent nor willing to do.[10]

Accordingly, the Bankruptcy Court's order that the debtor is a householder who may claim the automobile as part of his homestead exemption is reversed.

him for support and who, in turn, has the duty of supporting such persons. The word "householder" shall be equivalent to the expression "householder or head of a family," and the term "laboring person" shall be construed to include all householders who receive wages for their services.
(emphasis original).

In 1978, the legislature appended to the above definition the following sentence:

1978 Va.Acts ch. 253, § 34–1. Definitions.... The word "householder" shall also include any person who maintains a separate residence of his own whether or not others are living with him.
(emphasis original).

In 1979, the legislature amended the definition to its present form. See supra.

**10.** At oral argument of the case, this Court asked the parties if they would prefer to request certification to the Virginia Supreme Court for its determination as to how "householder" should be construed. Jones indicated her willingness to certify the issue. Review by the Virginia Supreme Court, however, is unnecessary because this Court has confined its order to the statutory language of the Homestead provisions. The Court assumes that because the order is in Jones' favor, she does not wish to pursue the prospect of certification of the issue.