**In re John Douglas FENESSY, Debtor.**

**Bankruptcy No. 92–30482–S.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 14, 1993.

---

Robert B. Hill, Hill & Rainey, Petersburg, VA, for debtor.

Robert A. Lefkowitz, Maloney, Yeatts & Barr, Richmond, VA, for trustee.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on an objection by John Douglas Fenessy, the debtor, to an application by Kevin R. Huennekens, the trustee, to compensate an auctioneer for its services in selling a vehicle that was part of the bankruptcy estate. Briefs filed by counsel for the trustee and the debtor clarified that the real issue is whether the debtor is entitled to a $2,000 exemption of the proceeds from the sale of the vehicle. There being no objection to the reasonableness of the auctioneer's compensation, and there being sufficient proceeds remaining to pay the debtor's claimed exemption, the Court approved the compensation of the auctioneer by order entered March 5, 1993. This opinion consti-

tutes the findings of fact and conclusions of law which this Court has reached, and sets out the Court's reasoning in granting debtor's request to exempt $2,000 from the proceeds of the sale of the vehicle.

## FINDINGS OF FACT

On February 3, 1992, John Douglas Fenessy ("Fenessy") filed a voluntary Chapter 7 petition. On May 7, 1992, Fenessy filed an amended Schedule C—Property Claimed as Exempt. Fenessy listed on the amended schedule a 1988 Jeep Cherokee with a current market value of $7,500, $2,000 of which he claimed as exempt under Va.Code § 34–26(8) ("Poor Debtor's Exemption"). The trustee made no objection to the scheduled exemption within the 30 days thereafter. *See* Fed.R.Bankr.Pro. 4003(b). On Schedule D—Creditors Holding Secured Claims, Fenessy listed Harry F. Webb, Jr., as a secured creditor holding a $12,000 "June 6, 1991 Note and Lien" on the same vehicle. Fenessy listed Gladys M. Webb on Schedule F—Creditors Holding Unsecured Nonpriority Claims, as the holder of a $12,000 unsecured note. It was elsewhere clarified in the petition that Harry F. Webb, Jr., and Gladys M. Webb were Fenessy's father-in-law and mother-in-law and that the Webbs were creditors on the same $12,000 note.

On July 17, 1992, the trustee filed a complaint to determine the validity, priority and extent of a lien, to avoid a preference, and to compel turnover of property to the estate against Fenessy, Gladys M. Webb, and Harry F. Webb, Jr. (Adversary Proceeding No. 92–3121–S). That proceeding, *Huennekens, Trustee v. Fenessy & Webb*, was concluded by a consent order entered November 13, 1992. The Court ordered that the security interest of Harry F. Webb, Jr., and Gladys M. Webb be avoided, and that any interest of the trustee in the vehicle be preserved for the benefit of the bankruptcy estate. 11 U.S.C. §§ 544, 551. A separate consent order entered November 13, 1992, in the bankruptcy case authorized the trustee to sell the vehicle free and clear of all liens. Those orders were based in part on a finding that "Harry F. Webb,

Jr. does not have a properly perfected security interest in the vehicle." Consent Order entered November 13, 1993, in Adversary Proceeding No. 92–3121–S, Document # 9, Item 6.

On November 21, 1992, the trustee sold the vehicle for a price of $9,000. The auctioneer was later paid the court approved fees and expenses totalling $1,633.31. In the trustee's report of sale, the trustee acknowledged that the debtor had filed an exemption under the Virginia Code relating to the vehicle, but took the position that "the exemption comes behind the trustee's avoidance of a lien on the vehicle." Trustee's Report of Sale filed January 25, 1993.

In his brief, the trustee argues in support of his asserted priority that 11 U.S.C. § 544 places the trustee in the same position as the lien creditor whose lien the trustee has avoided, and 11 U.S.C. § 551 preserves a creditor's avoided lien for the benefit of the estate. In addition, the trustee argues that the exemption allowed under Va.Code § 34–26 does not apply to a vehicle worth in excess of $2,000, nor to the proceeds of the sale of such a vehicle.

On the other hand, the debtor argues that since, according to the order dismissing the adversary proceeding, Webb never had a perfected security interest in the vehicle, Va.Code § 34–26(8) allows him a $2,000 exemption. The debtor concedes that § 544 places the trustee in the shoes of the creditor, but in this case the trustee avoided Webb's unperfected security interest, over which the debtor's state law exemption takes priority. Since the debtor had an exemption in the vehicle all along by operation of Va.Code § 34–26(8), the trustee could only "recover" by his avoiding powers that part of the value of the vehicle in excess of the debtor's state law exemption. Debtor further argues that the $2,000 figure in Va.Code § 34–26(8) does not refer to the value of the vehicle but rather to the value of the exemption in the vehicle.

## CONCLUSIONS OF LAW

■ The Virginia Code exemption section applicable to this case under 11 U.S.C. § 522(b) provides:

> every householder shall be entitled to hold exempt from creditor process ...
> (8) [a] motor vehicle ..., not to exceed $2,000 in value, except that a perfected security interest on the motor vehicle shall have priority over the claim of exemption...."

Va.Code Ann. § 34–26(8).[1] In addition, Virginia Code § 34–28 avoids liens on property exempt under § 34–26 except for "property covered by a ... writing or pledge given by a householder to secure a loan for the purchase thereof." Va.Code.Ann. § 34–28 (1990 Repl.Vol.).[2] In combination, §§ 34–26 and 34–28 allow a debtor to exempt, and avoid the lien on, up to $2,000 in value of a motor vehicle where that lien is neither a "perfected security interest," nor was it given "to secure a loan for the purchase" of the vehicle.

In the adversary proceeding, the consent order provided that Webb's lien was not a perfected security interest. No evidence exists that Webb's lien was given "to secure the purchase" of the vehicle. It appears to this Court that since no perfected security interest nor purchase money security interest impaired Fenessy's exemption, § 34–26(8) allows Fenessy a $2,000 exemption in the value of the vehicle, and § 34–28 avoids Webb's lien to the extent that it impairs the exemption. Fenessy claimed his $2,000 exemption in the vehicle on an amended Schedule C filed on May 7, 1992. As there were no objections by a party in interest, including the trustee, within 30 days of the list being filed, the property claimed as exempt on such list is exempt. *See Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280

---

**1.** Reference is to the Virginia Code in effect on the date of the debtor's bankruptcy filing. The 1992 amendments to § 34–26 were enacted after the debtor's filing date. 1992 Acts of Assembly, c. 644.

**2.** Reference is to the Virginia Code in effect on the date of the debtor's bankruptcy filing. The 1992 amendments to § 34–28 were enacted after the debtor's filing date. 1992 Acts of Assembly, c. 644.

(1992); Fed.R.Bankr.Pro. 4003(b); 11 U.S.C. § 552(*l* ).

█ The trustee argues that the Virginia Code § 34–26(8) exemption applies only to a motor vehicle with a value not exceeding $2,000, and does not exempt $2,000 of the proceeds from sale of a motor vehicle worth in excess of $2,000. A reading of the complete exemption scheme in § 34–26 makes it clear that the monetary limits found in several of its subsections apply to the value of the exemption rather than the value of the property. Virginia Code § 34–26 provides that "the value of an item claimed as exempt under this section shall be the fair market value of the item less any prior security interest." Va.Code Ann. § 34–26 (1990 Repl.Vol.). This clause indicates that the General Assembly intended the dollar value to limit the net exemption rather than to limit the value of the property to be exempted. Further, exemption statutes are to be liberally construed in favor of the purpose behind the exemption claim. *In re Hayes*, 119 B.R. 86 (Bankr. E.D.Va.1990).

█ The trustee further argues that the debtor's exemption should not apply to proceeds from sale of a vehicle, even if the vehicle itself was subject to an exemption. This argument must also be rejected, as the debtor's claim of exemption was properly noticed long before the sale of the vehicle and, if a debtor can exempt $2,000 of the value of a vehicle, that $2,000 can only be separated from the non-exempt portion through a sale.

For the foregoing reasons, this Court orders that $2,000 of the proceeds from the sale of the vehicle be paid to the debtor as his exempt property.

An order conforming to this decision will be entered contemporaneously herewith.