**In re Patrice M. JOHNSON, Debtor.**

**Bankruptcy No. 94–31518–S.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Jan. 26, 1995.

Stephen A. Chaplin, Richmond, VA, for debtor.

Archie C. Berkeley, Jr., Berkeley, DeGaetani & Frye, Richmond, VA, for creditor.

Sherman B. Lubman, Chapter 7 Trustee, Richmond, VA.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on certain "Objections to Exemptions," filed by a creditor, Federal Employees Credit Union of Petersburg, Inc. ("Credit Union"). The Credit Union seeks the denial of certain exemptions claimed by the debtor, Patrice M. Johnson, pursuant to 11 U.S.C. § 522 and Virginia Code §§ 34–4 and 34–26. This is a core proceeding, over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. After consideration of the pleadings, the record, and the evidence and argument presented at a hearing on August 17, 1994, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The debtor, Patrice M. Johnson, filed her petition in Chapter 7 and relief was ordered on April 20, 1994. In the schedules filed with her petition, Ms. Johnson listed one 1994 Mazda 626 LX automobile as property in her possession. Her interest in the vehicle was listed as $18,000.00, while the debt on the property was listed as $20,000.00. (Debtor's Sched. B) No exemption was claimed in the vehicle in these initial schedules. The Credit Union was listed as a Creditor holding a secured claim of $20,000.00, with the collateral being described as a 1994 Mazda 626 having a market value of $18,000.00. (Debtor's Sched. D)

On May 9, 1994, the debtor filed an amended Schedule C, in which she claimed exemptions in the 1994 Mazda. Against the stated $18,000.00 value of the vehicle, Ms. Johnson claimed a $6,000.00 exemption under § 34–4 of the Virginia Code and a $10,000.00 exemption under § 34–26(7) of the Virginia Code. Ms. Johnson also filed a timely "Amended Individual Debtor's Statement of Intention" with regard to the vehicle on May 26, 1994. In this statement, filed pursuant to the requirements of 11 U.S.C. § 521(2)(A), she informed the Credit Union that she intended to neither reaffirm nor surrender the 1994 Mazda, and that she intended to move to avoid the unperfected lien on the vehicle, depending upon any interest asserted by the Trustee.

At the hearing in this matter, counsel for Ms. Johnson stated that the debtor intended to further amend her exemption amounts

down to $5,500.00 under § 34–4 and to $2,000.00 under § 34–26(8). Counsel for the debtor maintained that these amendments were required because he mistakenly thought the debtor supported two dependent children, rather than one, and because he mistakenly thought that the debtor used her car as a tool of her trade, rather than as personal transportation. This Court ruled from the bench that these lower amounts would be the maximum amounts of Ms. Johnson's exemptions, should any be available to her.

Through evidence introduced at the hearing on this matter, it became clear that the Credit Union's security interest was not noted on the Certificate of Title for the Mazda. The loan application states that Ms. Johnson requested $21,000.00, for which the purpose was listed as "New Car" and the proposed collateral was listed as "Title to 1994 626 Mazda Sale Price $22,400.00." (Pl.'s Ex. 1) The Note and Disclosure Statement lists "Security Offered" as a Mazda 626, described by I.D. Number, and states that the borrower gave the Credit Union "what is known as a security interest in the property described in the 'Security Offered' section." (Pl.'s Ex. 2) A separate security agreement signed by Ms. Johnson also grants the Credit Union a security interest in the vehicle. (Pl.'s Ex. 3)

Ms. Johnson purchased the vehicle from Crown Automobile of Richmond, Inc. ("Crown"), utilizing the Credit Union loan proceeds in the form of a check made payable to her and to Crown. According to testimony of a Credit Union employee, a form letter bearing lien recordation information was attached to the check. The check was endorsed by both parties, and subsequently honored, but no security interest was recorded upon the title to the automobile.

While no direct evidence was offered during the hearing as to whether Ms. Johnson took physical delivery of the Mazda, this Court takes judicial notice that the debtor listed the vehicle as being in her possession at the time of filing her petition and initial schedules, and that she must have taken delivery. In addition, testimony was given by the Credit Union to show that all payments were made on the loan, as they became due, until Ms. Johnson filed her petition in bankruptcy. As of the hearing date, the principal balance of the loan was approximately $19,000.00. The value of the Mazda, while dependent upon the actual price obtained eventually at sale by the Trustee, will be assumed, for the purposes of this objection, to be $18,000.00, as stated by the debtor. This Court finds that the debtor purchased the 1994 Mazda 626 using Credit Union loan proceeds, intended to grant a security interest in the vehicle to the Credit Union, and that the Credit Union's lien was not recorded on the vehicle's Certificate of Title.

### CONCLUSIONS OF LAW

Section 522 of Title 11 of the United States Code [1] allows states to "opt out" of the federal exemptions in order to utilize their own statutory exemption schemes. The Commonwealth of Virginia, through enactment of § 34–3.1 of the Code of Virginia,[2] has provided its own set of statutory exemptions in place of the exemptions provided by federal law. *Dominion Bank, N.A. v. Osborne,* 165 B.R. 183,185 (W.D.Va.1994). As a result, Virginia's statutory exemptions apply in this debtor's bankruptcy case.

Ms. Johnson has claimed exemptions in a 1994 Mazda automobile, and relies upon two of the Virginia statutory exemptions to do so. First, she claims a $5,500.00 exemption pur-

---

1. The relevant portion of this section, referred to as the "opt out" clause, reads as follows:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1), or in the alternative, paragraph (2) of this subsection.... Such property is—
 (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, **or State or local law that is applicable** on the

date of the filing of the petition.... 11 U.S.C.A. § 522 (West 1993) (emphasis added).

2. The statute reads as follows:
 —No individual may exempt from property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95–598), except as may otherwise be expressly permitted under this title. Va.Code Ann. § 34–3.1 (Michie 1990).

suant to § 34–4. The section relied upon permits a householder to:

> hold exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000.00 in value. In addition, upon a showing that a householder supports dependents, the householder shall be entitled to hold exempt from creditor process real and personal property, or either, selected by the householder, including money or monetary obligations or liabilities due the householder, not exceeding $500.00 in value for each dependent.

Va.Code Ann. § 34–4 (Michie 1990). Ms. Johnson claims one dependent, by which her exemption of $5,000.00 would be increased to $5,500.00. Personal property exempted under § 34–4 must be set apart in a writing, or homestead deed, and recorded as deeds are recorded in the county or city in which the householder resides. Va.Code Ann. § 34–14 (Michie Supp.1994). The personalty must be set apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341. Va.Code Ann. § 34–17 (Michie 1990). No evidence has been produced to show that these requirements have been met, but this Court, for the purposes of reaching its decision in this matter only, will assume that a writing was properly filed.

In addition, Ms. Johnson has claimed a $2,000.00 exemption in the same personalty by way of the "poor debtor's exemption" found in § 34–26. The section relied upon permits the debtor to hold exempt from creditor process certain enumerated items, including:

> A motor vehicle, not held as exempt under subdivision (7), owned by the householder, not to exceed $2,000.00 in value, except that a perfected security interest on the motor vehicle shall have priority over the claim of exemption under this subsection.

The value of the item claimed as exempt under this section shall be the fair market value of the item less any prior security interest.... It shall not be required that a householder designate any property exempt under this section in a deed in order to secure such exemption.

Va.Code Ann. § 34–26(8) (Michie Supp.1994). Subdivision (7) of § 34–26 [3] is a "tools of the trade" exemption for items necessary to the householder's occupation. Subdivision (8) makes it clear that the debtor may not claim both a $10,000.00 exemption under § 34–26(7) and a $2,000.00 exemption under § 34–26(8) for the same motor vehicle. While Ms. Johnson originally claimed a $10,000.00 exemption, it appears that she now seeks to claim a $2,000.00 exemption pursuant to § 34–26(7).

In analyzing these statutory exemptions, this Court first determines the status of the Credit Union with respect to the property Ms. Johnson claims as exempt. The exemption statutes in Virginia use language regarding perfected security interests, so it is important to determine what type of security interest is held by the Credit Union, and whether that interest is perfected.

 In order that a security interest become enforceable against third parties, two steps are required; the interest must attach and be perfected. A security interest does not attach unless the debtor has signed a security agreement describing the collateral, value has been given, and the debtor has rights in the collateral. Va.Code Ann. § 8.9–203 (Michie 1991). Ms. Johnson signed a security agreement granting a security interest in the 1994 Mazda, value was given in the form of the Credit Union funds, and Ms. Johnson gained rights in the vehicle. The Credit Union's security interest had attached, and was, therefore, enforceable against the debtor. *Id. See also* Va.Code Ann. § 8.9–201 (Michie 1991). This enforceability seems to have been acknowledged by the debtor, who in her initial schedules, dis-

---

**3.** The subdivision permits an exemption in:
Tools, books, instruments, implements, equipment, and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value, except that a perfected security interest on such personal property shall have priority over the claim of exemption under this section. Va.Code Ann. § 34–26(7) (Michie 1994 Supp.).

closed that her interest in the vehicle was subject to the secured claim of the Credit Union. Before moving to the next step of determining whether the security interest was perfected, it will prove useful to determine what type of security interest the Credit Union held.

A purchase money security interest is defined as a security interest that is:

(a) taken or retained by seller of the collateral to secure all or part of its price; or

(b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used.

Va.Code Ann. § 8.9–107 (Michie 1991). Here, the Credit Union did not sell Ms. Johnson the Mazda, so it cannot rely upon § 8.9–107(a). It has a purchase money security interest in the vehicle, however, pursuant to § 8.9–107(b). The Credit Union gave value, namely its funds, in the form of a check made payable to the debtor and the car dealership. Those funds were used to acquire rights in or use of the 1994 Mazda that Ms. Johnson still had in her possession at the time her petition was filed.

■ Although a purchase money security interest had attached to the vehicle, the second step of perfection is required for the interest to be enforceable as to third parties. In order to perfect a security interest in a motor vehicle, a notation must appear on the vehicle's certificate of title. Va.Code Ann. § 8.9–302 (Michie 1991); Va.Code Ann. § 46.2–636 (Michie 1994). Testimony was given that no notation of a security interest appears upon the title to the 1994 Mazda. The Credit Union, therefore, holds an unperfected purchase money security interest in the vehicle. This unperfected interest is subordinate to the rights of a lien creditor, and the statutory definition of "lien creditor" under the Virginia Code includes a trustee in bankruptcy. Va.Code Ann. § 8.9–301 (Michie 1991). The Bankruptcy Code also grants a trustee the rights and powers of a lien creditor whose hypothetical judicial lien is put in place at the commencement of the case. 11 U.S.C.A. § 544 (West 1993). An unperfected security interest, while it may be subordinate to the rights of third parties, is valid and binding between a debtor and a creditor. *See, e.g, Dominion National Bank of Richmond v. Gantt (In re Gantt )*, 56 B.R. 852, 856 (Bankr.E.D.Va.1985).

■ After its foray into Virginia commercial law, this Court is left with the question of whether Ms. Johnson can exempt property in which the Credit Union holds an unperfected purchase money security interest, and in which the value of the property is exceeded by the debt owed on the property. Exemptions under both §§ 34–4 and 34–26 cannot be claimed against debts for the purchase price of the property, or for any part of the purchase price. Va.Code Ann. § 34–5 (Michie 1990) [4]. The debt created here was for the purchase price of the 1994 Mazda, as the loan application, note, and security agreement clearly illustrate. Many of the cases in which § 34–5 has been applied have involved a merchant creditor, or an actual seller of the goods for which the purchase price was not paid, rather than a third party creditor. *See, e.g., In re Tobias*, 103 F. 68 (W.D.Va.1900) (As the burden to identify unpaid goods does not rest with the seller, when a debtor cannot separate paid goods from unpaid within a commingled lot, no exemption is permitted) and *Rose v. Sharpless & Son*, 74 Va. 153 (1880) (The onus is upon the person claiming the exception to show purchase price has been paid).

In each of those merchant creditor cases an exemption was not permitted. This Court sees no reason why § 34–5 should apply only in the case of an unpaid merchant creditor and not in the case of an unpaid holder of a purchase money security interest. The debtor seeking the exemption in both instances

---

**4.** The relevant portion reads as follows:

—The property exemptions created under this Code shall not be claimed against the following debts:

1. For the purchase price of such property or any part thereof. If the property purchased and not paid for is exchanged for or converted into other property by the debtor, such last named property shall not be exempted from the payment of such unpaid purchase money. Va.Code Ann. § 34–5(1) (Michie Supp.1994).

has not paid the purchase price of the property. The plain language of § 34–5 prohibits the claim of an exemption in property against a debt for the purchase price of that property. This Court holds that Ms. Johnson's claimed exemptions are improper because they are for property, the purchase price of which has not been paid, and the property is subject to a debt for the purchase price.

At first glance, two modern cases appear to contradict this Court's holding while making it clear that third party creditors may object to the allowance of exemptions on the grounds that goods have not been paid for. See Dominion Bank of Cumberlands, NA v. Nuckolls, 780 F.2d 408 (4th Cir.1985) and Jones v. Kirsch (In re Kirsch), 93 B.R. 77 (E.D.Va.1988). These cases do not, upon close examination, stand for the proposition that a purchase money lender's objection to exemptions in property for which the purchase price is unpaid will fail.

In the Dominion Bank case, the bank lent money to the debtors to purchase restaurant equipment. At some later date, the bank refinanced the loan and took as collateral the same equipment, but failed to file the financing statements required for perfection. The creditor's unperfected lien was not a purchase money lien, because it secured "a loan made to refinance a pre-existing debt—not to acquire the collateral." 780 F.2d at 413. The Fourth Circuit found that Dominion Bank held a "non-possessory, non purchase-money security interest" Id. In essence, because the lender did not seek recovery of the purchase price of the goods, but instead sought to recover proceeds of the loan used to refinance the prior obligation, the debtor's claimed exemptions in the equipment were permitted.

In the Jones case, the court held that, based upon its determination that personal loan proceeds were used to pay the purchase price, § 34–5 did not invalidate a claimed exemption. 93 B.R. at 79. Jones involved an exemption claimed in an automobile by Mr. Kirsch, the debtor. Ms. Jones had lent Mr. Kirsch $10,000.00, on what appears to have been a handshake. The proceeds of the loan were in the form of a personal check drawn by Ms. Jones and made payable to the selling auto dealer. 93 B.R. at 78. Despite the appearance that the proceeds were used to pay the purchase price of the automobile, there was no promissory note, no agreement as to precise terms of repayment, and no security agreement. Id. The Jones court found that on those facts, the loan from Jones to Kirsch was a personal loan rather than one used to acquire goods. 93 B.R. at 79. While it is hard to imagine that those facts could lead to a finding that the proceeds were not purchase money, the Jones court made exactly that finding, and as a result, permitted the exemption.

A careless reading of Jones and Dominion Bank could lead to the mistaken conclusion that any third party creditor whose objection to an exemption is based upon § 34–5 cannot prevail. This Court holds that a third party creditor can prevail under § 34–5 if the creditor successfully shows that its loan proceeds were used to acquire the collateral, and that it has a valid purchase money security interest. Had the courts in those two cases found that there was a purchase money security interest at stake, no exemption would have been permitted.

The case at hand is distinguishable on its facts from both Dominion Bank and Jones, as it does involve proceeds that this Court finds were used to purchase the property now claimed exempt. In each of those two cases, there was no finding that there was purchase money involved, and neither case involved a purchase money security interest. Here, Ms. Johnson did not pay for the 1994 Mazda with her own funds. She used Credit Union funds to purchase the vehicle, and was to repay the purchase money to the Credit Union. Unlike Jones, this repayment agreement was formalized by signing a promissory note, and by granting a security interest in the vehicle. In other words, Ms. Johnson claims an exemption in a vehicle for which she has not paid the purchase price.

█ As an alternative basis for its holding that Ms. Johnson's claimed exemption of $5,500.00 is improper, this Court looks to the language of § 34–4, which allows an exemption of personal property up to $5,000.00 "in value" plus personal property of $500.00 "in value" for each dependent. Va.Code Ann.

§ 34–4. Even if the exemption were properly claimed, the debtor here has no equity in the 1994 Mazda. The Credit Union holds a purchase money security interest, which is valid between it and Ms. Johnson. The value of the Mazda is stated by the debtor to be $18,000.00, and the loan balance is approximately $19,000.00. This Court has held on prior occasion, as it does in this instance, that where the debtor has no equity in the exempted property, no exemption exists. *Washington v. Virginia State Education Assistance Authority (In re Washington)*, 41 B.R. 211 (Bankr.E.D.Va.1984).

As an alternative basis for its holding that the debtor's claimed exemption of $2,000.00 is improper, this Court looks to the language of § 34–26(8). The first sentence of § 34–26(8) permits a motor vehicle exemption of up to $2,000.00 "in value." Va.Code Ann. § 26(8). A perfected security interest takes priority over the claimed exemption, but the second sentence of § 34–26(8) states that the "value" of an item claimed exempt "shall be the fair market value of the item less any prior security interest." *Id.* (emphasis added). The Credit Union has a prior security interest in the vehicle here, but its interest is not perfected. Its interest, while it does not take priority over the claimed exemption, does apply in calculating the value of the exemption.

This Court has held that § 34–26(8) indicates an intent on the part of the General Assembly to limit the net exemption claimed. *In re Fennessy*, 156 B.R. 22 (Bankr.E.D.Va. 1993). Here, the facts again show that the fair market value for the purposes of this opinion is $18,000.00, as stated by the debtor. The Credit Union holds a prior security interest of approximately $19,000.00. The debt on the Mazda exceeds its value, leaving no amount to be claimed exempt.

Finally, this Court notes that if it were to allow the claimed exemptions, the debtor would retain the property exempted, subject to the security interest of the Credit Union. The security interest is still valid between the Credit Union and Ms. Johnson, just as the Trustee's interest is superior to that of the Credit Union in the nonexempt property of the estate. If the exemption were to be allowed, the result would be that the Trustee would have superior rights to the non-exempted portion of the property, and the exempt portion of the property would be subject to the interest of the Credit Union. At least one court has noted that the debtor stands to gain nothing under this scenario, and that the real conflict is between the creditor and the Trustee, because "to allow the claim of exemption would put the interest of [the creditor] ahead of the Trustee." *In re Pebsworth*, 121 B.R. 600, 602 (Bankr. N.D.Okla.1990). This would result in the perverse outcome in which a creditor holding an unperfected security interest would be placed ahead of the Trustee. The Credit Union should share in the estate as a general unsecured creditor, and Ms. Johnson should not be allowed to exempt property for which she has not paid the purchase price.

For the reasons stated in this opinion, the creditor's objections to the debtor's claimed exemptions should be sustained. The $2,000.00 and $5,500.00 exemptions claimed by the debtor as to the 1994 Mazda 626 automobile should not be allowed.