**In re Raymond A. LYALL, Debtor.**

**Bankruptcy No. 95–21444–A.**

United States Bankruptcy Court,
E.D. Virginia,
. Norfolk Division.

March 13, 1996.

Robert V. Roussos, Norfolk, VA, for debtor.

H.B. Price, III, Trustee.

## MEMORANDUM OPINION AND ORDER

DAVID H. ADAMS, Bankruptcy Judge.

This matter is before the Court on the remand of the case from the District Court to this Court on the following basis: " ... to determine whether Mr. Lyall *needs* to use his car in the course of his occupation as an architect consistent with the standard set forth in this Opinion." The standard announced by the District Court is one of necessity; i.e. whether the debtor's automobile may be considered "necessary" under the Va.Code Ann. § 34–26(7) (Michies 1995), a standard under which the debtor absolutely requires an automobile, as a tool of his trade, in order to efficiently and competently perform the functions of their occupation or trade.

The debtor, a self-employed architect in the Hampton Roads area of Virginia, has practiced architecture on his own for six years as the owner and president of Lyall Design, Inc. He testified that he uses his 1990 Acura to commute to and from work, but the vast majority of the time he utilizes it for non-commuting business purposes. He often uses his automobile to attend meetings out of the office, to visit clients and prospective clients, to meet with governmental offi-

cials (such as municipal permitting and zoning personnel), to visit project sites, and in working with contractors as a subcontractor himself in design-build projects. Mr. Lyall testified that he has to visit job sites to interpret plans and in order to understand the scope of the project.

Exhibit A offered by the debtor is a compilation of the daily calendar entries for the months of January and February, 1995 and all of 1994, showing the numerous meetings attended by the debtor outside of his office.[1] He indicated that he drove his vehicle between 15,000 and 18,000 miles per year, of which business use comprised approximately 90% of the mileage. Lyall Design, Inc. is a Subchapter S corporation which is often contractually reimbursed for Mr. Lyall's business mileage, but he does not directly receive the reimbursement.

■ Although the Court's inquiry is fact specific and must be addressed on a case by case basis, it is hard to imagine a self-employed individual in Hampton Roads who could not qualify an automobile as a necessary tool of his or her trade. The legislature of Virginia determined to broaden the scope of the term "tools of the trade" in enacting the amendments to § 34–26 in 1990, by adopting a standard of necessity. The legislature notably did not include a reasonableness standard or a quality standard when it amended the law.

■ In analyzing the necessity standard the Court feels that the following inquiries must be answered:

1. Whether the vehicle is needed to further the debtor's employment; is it vital to the performance of the debtor's duties in his occupation?

2. Whether the automobile is a necessity because there is no alternative available to the debtor in the effective pursuit of his employment?

3. Whether the automobile's use in the debtor's occupation is the standard requirement in the professional and geographical area for non-debtors similarly employed?

---

1. This evidence indicates that during that time period, Mr. Lyall used his car for business between 11 and 21 days per month. He often used the vehicle more than once a day to attend to job related matters.

4. Whether the debtor's car is used *primarily* for the purpose of commuting to and from his place of employment?

5. Did the debtor exempt the vehicle under § 34–26(7) for his own use?

6. Whether the fair market value of the vehicle is no more than $10,000?

 The inquiry is whether the debtor would be unable to effectively compete in his occupation in his geographical area without the use of an automobile, and without it would the debtor's earning power be hampered. The Court is mindful that there are two other sections under which a debtor may exempt an automobile, one of which is a direct reflection of the public policy established by the legislature of Virginia that in the 1990's every head of a household needs at least a modest automobile to fully effectuate a fresh start.[2]

The creditor, Monticello Arcade Limited Partnership, did not contest the debtor's valuation of the Acura as being under $10,000, so the Court will not pursue the matter further in that regard. The practice of architecture is very competitive and the Court is of the opinion that the debtor would not be able to fairly compete in the Hampton Roads area as an architect without an automobile; therefore, the Court is satisfied he *needs* a motor vehicle in his occupation. No evidence was produced that the debtor had an alternative means of transportation. From the Court's own experience, which it is not required to ignore, it is the standard in this area that an architect would have an automobile to visit clients, government offices and job sites, and anyone dealing with an architect would expect that he has a private means of transportation.

As previously pointed out, the debtor utilizes the car to commute to work, but essentially maintains it as a necessity of his profession. He exempted the 1990 Acura under § 34–26(7) for use in his occupation, and an inquiry into whether the vehicle is a luxury automobile is unnecessary when the net fair market value is established to be under $10,000. The Court is satisfied that the Virginia Code contemplates the debtor's net equity in an exempted automobile: "The value of an item claimed as exempt under this section shall be the fair market value of the item less any prior security interest." § 34–26(8). See also *In re Fenessy*, 156 B.R. 22 (Bankr. E.D.Va.1993). While those same words do not appear in § 34–26(7), it recognizes the same superiority of a perfected security interest in such personal property over the exemption claimed as does the quoted section.

This Court, after reviewing the evidence offered on remand, finds that the debtor's 1990 Acura is "necessary" for his occupation as contemplated by § 34–26(7) and is therefore exempt.

It is so ORDERED.

---

2. See Va.Code Ann. § 34–4 (Michies 1990) which sets forth the Homestead Exemption of $5,000 which may be consumed by exempting an automobile. See also Va.Code Ann. § 34–26(8) (Michies 1995) which authorizes a debtor to exempt a motor vehicle, not exempted under § 34–26(7), up to a net value of $2,000. The plain meaning of this statutory language could be interpreted to mean that a householder can exempt a $10,000 motor vehicle he needs in his business as well as a vehicle with equity therein of no more than $2,000.